## GEORGIA PEARL SMITH v. THE STATE.

### No. 7004.    Decided May 2, 1923.

#### 1.—Manslaughter—Evidence—Other Transactions.

Whatever may have been the theory of the State, evidence that deceased found defendant in *flagrante delicto* with an army officer about four years before the killing is not admissible in support of any ligitimate issue in the case, and was certainly most injurious to the defendant's cause, and reversible error.

#### 2.—Evidence—Appellant's Infidelity.

Appellant's infidelity some three or four years prior to this homicide would afford deceased no justification for an assault upon her, nor would such conduct deprive her of the right of self-defense against violence offered by the deceased, nor would same be admissible in rebuttal.

#### 3.—Requested Charge—Charge of Court.

A charge of the court on immoral conduct of defendant which did not find support in the testimony, and was injurious to the defendant should not have been given.

#### 4.—Argument of Counsel—Rule Stated.

State's counsel should refrain from arguing to a jury the guilt of the accused based on facts which may be known to the attorney and which he was not permitted to introduce in evidence, etc. However, the contention that the evidence herein is insufficient is not concurred in by the court.

Appeal from the Criminal District Court of Dallas. Tried below before the Honorable Robert B. Seay.

Appeal from a conviction of manslaughter; penalty, three years in the penitentiary.

The opinion states the case.

*Mount & Newberry, Rasbury, Adams, Stennis & Harrell,* for the appellant.—On question of admitting in evidence other transactions not connected with the instant case: Hurst v. State, 217 S. W. Rep., 156; Ballard v. State, 160 id., 716.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the Criminal District Court of Dallas County of manslaughter, and her punishment fixed at three years in the penitentiary.

We have examined the various complaints made by appellant of the charge of the court and do not agree that error appears in any of same except the one hereinafter referred to.

Appellant killed her husband in Dallas, Texas, in December 1921. For the State, officer Ely, over objection, testified that in the latter

part of 1917 or early part of 1918, at the request of deceased, he went with deceased to the Adolphus hotel in Dallas one night, and further stated in substance that they there found appellant in a room with an army officer, and that when witness and deceased knocked on the door the officer came to same in his pajamas, and after detailing the dialogue which then took place and further matters not necessary to state, appellant appeared and left with her husband, deceased herein. We have searched this record in vain for what might be held a reason for the introduction of this testimony, or to find an issue in the case to which same was pertinent, No one was present at the time of the killing but appellant and deceased. The story told by her was that she had to shoot in self-defense against an attack or threatened attack by deceased with a heavy metal pot or pitcher; she and her witnesses also told of abuse and personal violence° toward her by deceased extending over a considerable period of time. Many bruises and black and blue places upon her body were exhibited by appellant directly after the homicide, all of which she attributed to deceased. Whatever may have been the theory of the State,—and we can only conjecture as to same,—evidence that deceased found appellant in flagrante delicto with an army officer nearly or quite four years before this killing, would not seem admissible in support of any legitimate issue or theory arising in the case; certainly it was capable of most serious injury to appellant's cause. The State offered a witness, another peace officer, who testified that some weeks before the killing he went to the home of appellant and deceased, at the request of the latter, and there listened to a story of demonstrations with a pistol on the part of appellant and was told by her that deceased had abused her and talked so ugly about her and called her so many names and charged her with so many things of which she was not guilty, that she could not stand it. With the exception of about three weeks separation in the early part of 1921, deceased and appellant had lived together as man and wife since the occurrence testified about by officer Ely. Appellant's infidelity in 1917 or 1918 if proven, would afford deceased no justification for an assault upon her in 1921; nor would her said conduct, if proven, deprive her of her right of self-defense against violence offered by deceased in 1921; nor do we know of any rule of law which would operate to admit testimony of such conduct on her part in 1917 or 1918 in explanation of or in rebuttal to testimony of, or in mitigation of, cruel treatment to her on the part of deceased in 1921. Admitting that a woman is bad,— immoral, still her husband may not beat her for it, and if he attempted to inflict upon her violence because of her conduct of the character mentioned, she is not compelled to submit but may resist and to whatever extent is necessary to protect herself. In our opinion the admission of the testimony of Mr. Ely was materially erroneous.

That part of the court's charge which is based apparently on the

testimony of officer Ely, in which the learned trial judge told the jury that if the deceased used language to the defendant indicating that she was guilty of immoral conduct with other men, or charging her with such conduct, etc. etc., does not seem to have support in the testimony and may have heightened the injurious effect of the testimony of Mr. Ely.

There is also complaint of the argument of the district attorney. In view of the fact that the case must be reversed we forbear discussion of said argument but call attention to the fact that the State should refrain from arguing to a jury the guilt of the accused based on facts which may be known to the attorney and which he was not permitted to introduce in evidence, nor should he assert to the jury that if they only knew about the case what is known to him they would understand the matter better. We are not quoting the exact language of the argument objected to but are referring to some parts of it in substance.

We do not agree with appellant's contention that the evidence herein is insufficient to support the conviction of appellant for felonious homicide.

For the errors mentioned the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*