## FRANK LEE GRAY V. STATE

No. 27,474, March 16, 1955
Motion for Rehearing Denied
(Without Written Opinion) April 20, 1955

R. P. *Watson, Jr.*, Marshall, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is driving while intoxicated; the punishment, one year in jail and a fine of $250.00.

W. K. Jackson testified that at approximately five o'clock in the morning on the day in question, as he was returning home from work, a two-toned 1950 Mercury automobile traveling at a fast rate of speed turned into the street on which he was driving and collided with the left rear fender of his automobile, causing considerable damage. Jackson stated that the Mercury did not stop and that he proceeded immediately to the police station, where he reported the incident.

Patrolmen Weaver and Cowell testified that, in answer to a call from the dispatcher at approximately five o'clock on the morning in question, they went in search of a 1950 two-toned Mercury automobile; that they observed such an automobile weaving along a street, crossing the center stripe; that they brought the automobile to a halt and observed the appellant, who was the driver thereof. They testified that in their opinion, based on his manner of walking and talking and his odor, he was intoxicated.

The appellant, testifying in his own behalf, stated that on the Saturday afternoon preceding the morning in question he had visited in the home of his friend Taylor, where they consumed a half-pint of whiskey; that at about nightfall the two of them went to a cafe, where they listened to a juke box; that they left the cafe at one o'clock the following morning and went out in the country to get a pig; and that they were returning to town with the pig at approximately five o'clock in the morning when he was arrested. The appellant stated that he did not remember having a collision and denied that he had drunk anything other than two drinks out of the half-pint or that he was intoxicated when arrested.

". The jury resolved the disputed issue of the appellant's intoxication against him, and we find the evidence sufficient to support the conviction.

Bills of Exception Nos. 1, 2 and 3 complain of jury argument. We quote from the three bills.

" . . . that the hardest task we have in the enforcement of the law in Harrison County is driving while intoxicated because we are situated between two wet areas, Shreveport, Louisiana, on the East and Longview, Texas, on the West . . .

\* \* \* \*

·· " . . . we are confronted with people in high powered cars of 155-160 and 210 horse power driving in an intoxicated condition upon the streets and highways of our county . . .

\* \* \* \*

"How you enforce the law is how this criminal will be punished. . . .".

We think that the argument reflected by the first two bills was not inflammatory or of a nature which calls for reversal.

As to the last, we think that it is reasonably inferrible that the prosecutor was talking about the effect on law enforcement generally that the verdict in the appellant's case would have. The only poor taste in the argument is the use of the phrase "this criminal."

In Fowler v. State, 136 Texas Cr. Rep. 562, 121 S.W. 2d 990, we condemned the following argument: "It shows to my mind conclusively that we are dealing with a professional crook." In that case, the evidence supported the conclusion that the appellant had not told the truth. We said: "A person may be a liar and yet not a crook—much less a professional crook." However, we also said: "If this argument was the only prejudicial matter brought to the attention of the jury, it might not of itself be of sufficient gravity to require a reversal."

The appellant relies upon McClure v. State, 100 Texas Cr. Rep. 545, 272 S.W. 157, and Jarrott v. State, 96 Texas Cr. Rep. 239, 257 S.W. 256.

In the McClure case the prosecutor in his argument discussed certain evidence which we held in that opinion to be inadmissible. We reversed the conviction because of the admission of

the evidence concerning one Haas, the error of the court in his charge concerning such inadmissible evidence, and the fact that the prosecutor discussed the same evidence in his argument. It will thus be seen that the primary error was the admission of the evidence and that such case cannot be said to control the disposition of the case at bar.

In the Jarrot case evidence of a prior conviction for the sale of whiskey was admitted for the purpose of impeaching the accused and was limited to that purpose in the court's charge. We held it was improper for the prosecutor in his argument to say, "If you will show me a man who will sell whiskey for profit, I will show you a man who will do anything." There we said: "The effect of the argument was to tell the jury that one who had been selling whiskey for profit was likely to be guilty of the offense of theft from the person." It should also be noted that the court was concerned about the sufficiency of the evidence to support the charge in the Jarrot case. We express the doubt that the argument standing alone would be sufficient to constitute reversible error.

We have found no case closer to the case at bar than the Fowler case, and we are inclined to feel, as the court felt in that case, that the use of the phrase "this criminal" standing alone does not call for a reversal of this conviction.

Bill of Exception No. 4 is directed at the hearsay testimony of the officers that they had received the news from the dispatcher that a collision had occurred involving a 1950 Mercury automobile and that the driver of the Mercury had not stopped to render aid. This was clearly hearsay and was not admissible but does not call for a reversal because evidence of such a collision was already in the record without objection.

Finding no reversible error, the judgment of the trial court is affirmed.