Clarence **YANEZ**, Jr., Appellant,

v.

The **STATE** of Texas, Appellee.

No. 39538.

Court of Criminal Appeals of Texas.

April 13, 1966.

Rehearing Denied June 8, 1966.

No attorney of record on appeal, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

AMENDED OPINION

MORRISON, Judge.

The offense is assault with intent to murder without malice; the punishment, two years.

The two patrolmen who were involved in this difficulty testified to substantially the same facts, and their testimony will be summarized. At approximately 11:30 on the night in question while on patrol, they observed a pickup truck with a loud exhaust being driven in excess of the legal speed limits within the city of Big Spring, and they gave chase. The pickup failed to heed their signal to stop, but eventually came to a halt in a residential driveway. All four occupants of the pickup got out and immediately announced to the officers that they could not be arrested because they were then at home. The officers told them that they had not come to arrest them, but to warn them of their speed and their defective muffler. Approximately one hour later the officers again observed the same pickup run a stop sign, and they again gave chase. This time the chase was over a greater distance and ended in the same way. When the driver again announced that neither he nor his companions could be arrested because they had reached home, one of the officers told the driver to get in the squad car. Instead of complying, the driver hit one of the officers with his fist knocking his hat off, and the appellant, who was one of the four, fired at the officer, after which the officer returned the fire, and appellant fired at him again, and the officer again returned the fire. Evidently neither was shooting well that night, because the gunfight ended with none of the bullets taking effect, and when the officers retreated to the squad car to call for help, the four left the scene and appellant was not arrested until some three or four days later.

Appellant did not testify in his own behalf, but called two of the occupants of the pickup. They both corroborated the testimony of the officers except as shown hereinafter. The witness Victor Yanez testified that appellant fired the first shot while the witness De los Santos testified that he heard only one shot, and he thought that it was fired from the officer's pistol.

This is a fair summary of this painfully long trial, and we find the evidence sufficient to sustain the conviction.

We find no merit in appellant's objections to the court's charge.

Appellant contends that reversible error is contained in the prosecutor's final argument which is brought forward in the record and by formal bills.

The record reflects that the prosecutor referred to appellant as a "Latin American punk". The counsel for appellant objected, his objection was sustained and the jury instructed to disregard the statement. By so ruling the court correctly told the jury that such reference was improper. In view of the ruling, we have concluded that no reversible error is reflected.

Appellant objected to the prosecutor's statement, "If the officers get in hot pursuit they are entitled to go up on the property and check out the situation." Appellant also complains of the prosecutor's reference to the appellant as an "aggressive type". We have concluded that the statements in the above two bills are supported by the evidence and do not constitute reversible error.

Appellant's objections to the prosecutor's statements with regard to the law of defense of another as applied to the facts are deemed without merit.

No reversible error appearing, the judgment is affirmed.