Issiac **BLASSINGALE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 39761.

Court of Criminal Appeals of Texas.

Oct. 19, 1966.

Rehearing Denied Nov. 23, 1966.

Fred D. Moore, Dallas, for appellant.

Henry Wade, Dist. Atty., Charles L. Caperton, Donald L. Caperton, Donald D. Koons and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

MORRISON, Presiding Judge.

The offense is robbery; the punishment is 199 years.

Witness for the State testified that appellant and a companion entered her liquor

**116** 

store and ordered a bottle of gin which was located high on a shelf. As the witness, who the record indicates is 5' 3" tall, reached for the bottle, appellant, who the record indicates is over six feet tall, grabbed the back of her neck and threw her to the floor, then dragged her to the back of the store while holding his hand in and over her mouth. Appellant remained with the witness for a short time, then released her after threatening her bodily harm should she move or make any noise. After appellant and his companion left, the police were notified. The witness testified that in excess of $200.00 was taken from her cash register and that appellant and his companion had placed her in fear of bodily harm.

██ Gonzales v. State, Tex.Cr.App., 386 S.W.2d 139, and Mason v. State, Tex.Cr. App., 375 S.W.2d 916, dispose of appellant's contentions as to punishment.

██ Appellant further contends that comments made by the District Attorney in his argument to the jury constitute reversible error. The record shows that objections to the comments were first made in appellant's motion for new trial. In Doswell v. State, 158 Tex.Cr.R. 447, 256 S.W.2d 416, we held that objections to the State's arguments presented for the first time on motion for new trial were too late. Even if we were to consider the argument, we have concluded that reversible error would not have been shown. See Marshall v. State, 104 Tex.Cr.R. 619, 286 S.W. 214; Lott v. State, 164 Tex.Cr.R. 395, 299 S.W.2d 145; Christesson v. State, 172 Tex.Cr.R. 27, 353 S.W.2d 218; and Yanez v. State, Tex. Cr.App., 403 S.W.2d 412.

Finding no merit in appellant's contentions and finding further that the evidence supports the conviction, the judgment is affirmed.

WOODLEY, Judge (concurring).

I concur in the holding that the punishment assessed is within the statutory limits and is not excessive. I would point out, however, that the punishment assessed by the jury exceeds by 100 years what the majority held to be the maximum punishment under statutes providing a punishment of "any term of years not less than two" (Assault to Rape, Art. 1162 P.C.) or "any term not less than five years" (Burglary of Private Residence, Art. 1391). Brown v. State, 171 Tex.Cr.R. 167, 346 S.W.2d 842; Joseph v. State, Tex.Cr.App., 367 S.W.2d 330; Madeley v. State, Tex.Cr.App., 388 S.W.2d 187; Sellars v. State, Tex.Cr.App., 401 S.W.2d 835.