**Joseph Robert EREMITA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40596.**

Court of Criminal Appeals of Texas.

Oct. 4, 1967.

Rehearing Denied Nov. 29, 1967.

Don M. Wilson, Dallas, for appellant.

Henry Wade, Dist. Atty., Don Koons, Charles Caperton and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Leon B.

Douglas, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge. .

The conviction is. for sodomy; the punishment, eight years.

The complainant, P, a fourteen-year-old eighth grade boy, testified that prior to Friday, July 16, 1965, he had never been to appellant's house, but on that date he went there three times; that he first went to appellant's house with G and J, and after mowing the lawn, they went to P's house, ate lunch, and returned to appellant's house, wearing bathing suits, and washed his car; that appellant was present when they washed his car, but not when they mowed the lawn; that when they left the appellant asked him to return to do some typing but he never heard him ask the other two boys to return; that about 3 p.m., G accompanied him back to appellant's house; that while sitting in the living room the appellant asked G to take the trash out, which he did, and then he told P to stand up, whereupon he pulled down P's swimming trunks and put his mouth on his penis for "about a minute or so"; that he never resisted for the reason that appellant was bigger than he was and he was "afraid of him," and when G returned to the door the appellant quit, pulled P's trunks up, and he and G went home.

G testified that he was thirteen years of age, weighed 100 pounds, and in the eighth grade on July 16, 1965; that on Friday, July 16, after P had spent the previous night with him, he, J and P went to appellant's house about 10 a.m., mowed the yard and returned to P's home; that after lunch they returned to appellant's house and washed his car; that, P having told appellant he knew how to type, the appellant asked him to return to talk about some typing but never asked him (G) to return, and that he volunteered to go with P to appellant's house about 3 p.m.; that after a brief visit in the living room,

the appellant asked him to empty some garbage, and he went into another room, got the garbage container which contained only two pieces of paper, and on looking through a window, he saw P standing with his swimming trunks down, and the appellant was. kneeling down with his mouth on P's sexual parts; that at this time he never saw P resist or heard him say anything; that he watched for a moment, then went on and threw the garbage out and returned into the house; and when he had gone into the house P said he had to go home and they left; that he thought the appellant was a. homosexual and, although he thought about it, he never told P about it before taking him to appellant's house on Friday morning; that "I had a feeling it would" happen before we went over there; that on Wednesday, July 14, the appellant committed sodomy on him and J and took some pictures of them.

In rebuttal, the state called J as a witness,. and except for the last trip, when he did not go to appellant's house, and that appellant paid G two dollars on Wednesday, July 14, his testimony substantially corroborates that of G.

Testifying in his own behalf, the appellant, age 46, admitted that the three boys came to his house; that they visited and the boys mowed the grass and washed the car, but he denied committing any act of sodomy with any of them at any time; that the boys became frightened when he scolded them and told them he was going to tell their parents about them using a vibrator machine on their person and smoking, and he did not want the boys in his house because he was. then under a suspended sentence for sodomy.

It is insisted that the trial court erred on the ground that he refused to charge the jury that G was an accomplice witness as a matter of law, and further, that the court again erred in not submitting such question to the jury for determination.

■ The witness G was not shown to have been in any manner criminally con-

nected with or to have participated in the crime charged. If a state's witness has no complicity in the offense for which an accused is on trial, his testimony is not that of an accomplice, whatever may have been his complicity with the accused in the commission of other offenses. 2 Branch 30, Sec. 731. Also see: Bowers v. State, 171 Tex. Cr.R. 345, 350 S.W.2d 27.

■ It is concluded that G was not an accomplice witness and that the evidence did not raise such an issue of fact.

The failure to charge the jury as contended was not error.

The judgment is affirmed.