Joe **JOYNER**, Jr., **Appellant,**

v.

The **STATE** of Texas, Appellee.

No. 41663.

Court of Criminal Appeals of Texas.

Nov. 27, 1968.

On Rehearing Jan. 22, 1969.

Foster, Lewis, Langley, Gardner & Hawn, by Willis T. Taylor, Gordon G. Hawn, San Antonio, for appellant.

James E. Barlow, Dist. Atty., Sparta Bitsis, Asst. Dist. Atty., San Antonio, and Leon B. Douglas and Jim D. Vollers, State's Attys., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is Robbery by assault with two prior non-capital convictions alleged for enhancement; the punishment, life.

We shall discuss the alleged grounds of error in the order presented in appellant's brief. It is contended that Assistant District Attorney Conaway committed reversible error when in his closing argument he said:

"There are many things that you must want to know about this case that the law deprives you from knowing, properly I suppose, but I am just frustrated and burned with the idea that I would like to tell you things that I can't."

The record fails to reflect that any objection was interposed to such argument at the time it was made. It is axiomatic that an objection is requisite for appellate review, 5 Tex.Jur.2d 75, Appeal and Error—Criminal Cases, Sec. 44. The opinions in Bowers v. State, 171 Tex.Cr.R. 345, 350 S.W.2d 27, and Smith v. State, 94 Tex.Cr.R. 427, 250 S.W. 1025, relied upon by appellant, do not reflect that an objection was made; but an examination of the records in these cases discloses that a vigorous and timely objection was made and that the overruling of such objection constituted the grounds upon which reversal was demanded. Once

this is understood the remainder of appellant's claims as to argument are adjudicated save and except the following.

Appellant's next ground of error also relates to argument to which a general objection was made. Such argument was as follows:

"Let me tell you a little bit about this pistol: they will kill you * * * It will kill any of you, and me * * * (pointing pistol towards Defendant) it will kill any four time loser, just like that (pulled trigger)."

Such argument should not have been made and the prosecutor who made it is entitled to no commendation. But the careful trial judge cured any error by removing the jury on his own motion. He did not err in failing to "dismiss the indictment in this case, and let this man go free", as requested by appellant's counsel: but he did carefully instruct the jury to disregard everything except the evidence heard from the stand and pointed out to them that "what lawyers say is argument". Following this the prosecutor explained to the jury that in his argument as set forth above he had "no reference to any specific individual", and evidently appellant's counsel were satisfied with such explanation because the court was not called upon for any further action. Again it is axiomatic that an accused must pursue his objections until he receives an adverse ruling from the court. Burks v. State, Tex.Cr.App., 432 S.W.2d 925, (delivered October 30, 1968), and Van Skike v. State, Tex.Cr.App., 388 S.W.2d 716, and cases there cited.

The only serious question in the case, as we view it, arises out of the argument of the prosecutor Conaway in which he told the jury, while discussing the wisdom of the Legislature in changing the law, that in his view "we are on the verge of anarchy in this country". No prosecutor in his argument should ever stoop to criticizing the Legislature as they are another branch of the government of which he is not a part. But it is not every demonstration of poor

taste on the part of a prosecutor which necessarily calls for reversal of a conviction. Threadgill v. State, 156 Tex.Cr.R. 157, 239 S.W.2d 813.

We do not agree that the prosecutor commented upon the appellant's failure to testify when he said:

"* * * Of course, the fact that he was there, by his own admission—let's see what he said that night: he didn't say anything that night whenever the newscast came on—".

The witness Betty Jean Brown testified that she met appellant on the day charged in the indictment and that when the television report of the robbery out of which this prosecution arose appeared, appellant volunteered "That's me", but did not give her the details of the transaction.

A great deal of the argument of the prosecutor may properly be deemed as a plea for law enforcement. See Threadgill v. State, supra, at 816. The use of the word "hijacker", when supported by the evidence, does not call for a reversal. See Gray v. State, 161 Tex.Cr.R. 384, 277 S.W. 2d 107, and Lott v. State, 164 Tex.Cr.R. 395, 299 S.W.2d 145.

Appellant's next group of alleged errors relate to the argument of Assistant District Attorney Casillas. He suggested that if the injured party had resisted, appellant would be on trial for murder. This is not reversible error. Jones v. State, 171 Tex. Cr. R. 608, 352 S.W.2d 270.

It is claimed that prosecutor Casillas made a misstatement of fact in his argument when he said "Counsel objected as to the materiality of that, but that's very material." Appellant is correct in his assertion that the objection to which the prosecutor was evidently referring occurred in the absence of the jury. But we construe the same as a comment on the conduct of counsel rather than a misstatement of a material fact which might possibly have affected appellant's guilt or innocence. As so construed, no error is reflected.

Scitern v. State, 87 Tex.Cr.R. 112, 219 S.W. 833, and Waterhouse v. State, 57 Tex. Cr.R. 590, 124 S.W. 633, relied upon by appellant, relate to questions or assertions of material facts relative to the accused's guilt or innocence and are therefore not controlling.

The cases cited in connection with prosecutor Conaway's argument also dispose of the contention that Casillas committed reversible error in commenting on the effect of the decisions of the Supreme Court of the United States on law enforcement as he viewed them. The trial court promptly sustained appellant's objection to such argument and counsel requested no further relief.

His next group of alleged errors relate to the failure of the court to grant an instructed verdict of not guilty. We have reviewed this entire record and find the evidence amply sufficient to sustain a finding of guilty.

He next contends that the court erred in permitting the State to re-open its case and introduce further testimony after having rested. We find no abuse of discretion. Rodriquez v. State, 171 Tex.Cr.R. 476, 350 S.W.2d 854, and cases cited in notes 14 and 15 under Art. 36.02, Vernon's Ann.C.C. P.

Error is alleged by the action of the prosecutor in inquiring of the witness Miller whether he was a member of the Black Muslim organization. The witness answered the question in the negative. The court promptly sustained an objection to a similar question as to appellant, and thereafter instructed the witness not to answer the question. No further relief was prayed for and no reversible error appears. Yanez v. State, Tex.Cr.App., 403 S.W.2d 412, and cases collated in 12 Tex.Dig., Criminal Law, ☜723(5).

We overrule appellant's contention that the court erred in permitting the injured party to testify as to what transpired between him and appellant's co-principals as

it was clearly shown that the parties were acting together in the commission of the robbery.

Finding no reversible error, the judgment is affirmed.

## OPINION
## ON APPELLANT'S MOTION
## FOR REHEARING

■ Appellant has called our attention to an error we made in our original opinion which we have concluded is determinative of this appeal and calls for a reversal. On first writing, we stated that after objecting to the question concerning appellant's membership in the Black Muslim organization, appellant's counsel prayed for no further relief. We were in error. He prayed for a mistrial which should have been granted.

■ The fact that appellant is a black man is more important in this case because the prosecutors' argument sought to inflame the minds of the jury by the argument soon to be discussed. It is a matter of common knowledge *the* riot in Detroit began on July 22, 1967.[1] This trial began on August 3, 1967. This fact renders more meaningful than we first realized the prosecutor's argument:

> "If any of you people read newspapers or have ears, you know what's going on in this community, or in the United States * * * we are on the verge of anarchy in this country—"

Viewed in this light, reversible error is reflected.

We have further concluded that appellant's objection to the prosecutor's argument criticizing the Legislature was sufficiently timely to demonstrate error when the court overruled the same.

■ We have now concluded that the pointing of pistol at appellant and clearly

inferring that he had four times before been convicted was error. We observe that at the punishment stage of the trial, such prior convictions could have been proven if in fact appellant had been convicted previously four times; but in fact four prior convictions were not shown. The only conclusion we may draw from this is that the prosecutor was acting in bad faith which also calls for a reversal of this conviction.

Our prior order affirming this conviction is set aside, and the judgment is now reversed and remanded.

DOUGLAS, J., not participating.

---

[1]. Report of the National Advisory Committee on Civil Disorders, Dutton & Co., 13th printing, page 84.