IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-025-CR





JEFFREY STEPHANOFF,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY



NO. 34,119, HONORABLE HOWARD S. WARNER, II, JUDGE PRESIDING



 





 This appeal is taken from a conviction for unlawful possession of marihuana in an
amount of not more than two ounces. See Tex. Health & Safety Code Ann. § 481.121(b)(1)
(West 1992). After the jury found appellant guilty, it assessed his punishment at confinement in
the county jail for one hundred and eighty days.

 Appellant advances two points of error. (1) First, appellant urges that the trial court
erred in allowing the prosecutor to direct the jury's attention to anti-abortion protests which were
occurring in other parts of the country. Appellant asserts fundamental error occurred in this jury
argument. Second, Appellant contends that the trial court erred in overruling his objection to the
prosecutor's jury argument that appellant, in electing not to apply for probation, had placed the
jury "between a rock and a hard place."

 On the afternoon of March 13, 1991, appellant was arrested in the San Marcos
Police Department for possession of marihuana. The odor of burning marihuana was detected,
and appellant was observed at the counter in the front lobby of the police headquarters smoking
a hand-rolled marihuana cigarette. The arresting officer, Dan Misiaszek, testified that appellant
stated at the time of his arrest that he had been smoking marihuana since he was fourteen years
of age, and that he was intentionally smoking marihuana to make a political statement that it
should be legalized in the State of Texas. Officer Misiaszek, based on his training and
experience, identified the substance appellant possessed to be marihuana in an amount not
exceeding two ounces. Officer Carl Deal corroborated much of Misiaszek's testimony. 
Testifying, appellant admitted that he had possessed the marihuana in question. He stated that his
"intent was to save the planet, clear and simple." Appellant characterized his actions as civil
disobedience.

 In his first point of error, appellant claims fundamental error was committed when
the trial court allowed the prosecutor to direct the jury's attention to anti-abortion protests that 
were occurring in other parts of the county. Appellant calls our attention to the prosecutor's
remarks at both the guilt\innocence and penalty stages of the bifurcated trial. In his closing
argument at the first stage of the trial, the prosecutor stated that appellant had "a right to a trial
and that's good." He then added:



And you have a right to give him an answer, and the one answer that you can give
may be the only answer you can give that's going to stop San Marcos from
becoming the next Wichita, Kansas, where political activists from all over this
United States comes here and makes a laughing stock out of this county [sic].



There was no mention of anti-abortion protests as such, and no objection was interposed.

 At the penalty stage of the trial, appellant's counsel argued to the jury:



And I don't think we're going to be sending messages to anybody. I think what
we're here to do is . . . and certainly not to Wichita, Kansas, and I hadn't heard
that one.

. . .


And I ask you to be fair, and regardless of messages to Wichita, Kansas, or acts
of civil disobedience or anything else, in disposing of this criminal case I would
ask that you impose a sentence of one day and $1.



 In his closing remarks at the penalty stage, the prosecutor told the jury:



Wichita, Kansas, which I referred to earlier did not ask to be thrust into the
national newspapers and the media every single night for two weeks. They became
the subject of attention that they did not want. They didn't ask for it. People came
from outside their community and imposed it on them. Well, you can stop that.



Here, again, there was no objection to the argument.

 For an issue to be preserved for appeal, there must be a timely trial objection which
specifically states the legal basis for the objection. Tex. R. App. P. 52(a); Rezac v. State, 782
S.W.2d 869-70 (Tex. Crim. App. 1990). And the contemporaneous objection rule is applicable
to errors of constitutional magnitude. Little v. State, 758 S.W.2d 551, 563 (Tex. Crim. App.),
cert. denied, 488 U.S. 934 (1988). It is generally presumed that a failure to object waives any
complaint on appeal as to jury argument. Willis v. State, 785 S.W.2d 378, 385 (Tex. Crim. App.
1989); Drew v. State, 743 S.W.2d 207, 218 (Tex. Crim. App. 1987); Miranda v. State, 813
S.W.2d 724, 740 (Tex. App.--San Antonio 1991, pet. ref'd). An exception to this rule prevails
when the jury argument is so prejudicial that an instruction to disregard will not cure the error. 
See Hollins v. State, 805 S.W.2d 475, 476 (Tex. Crim. App. 1992); Green v. State, 682 S.W.2d
271, 295 (Tex. Crim. App. 1984); Romo v. State, 631 S.W.2d 504, 505 (Tex. Crim. App. 1982). 
When, however, an instruction to disregard could cure the error, failure to object waives any
error. See Harris v. State, 784 S.W.2d 5, 12 (Tex. Crim. App. 1989), cert. denied, 494 U.S.
1090 (1990); Johnson v. State, 611 S.W.2d 650, 651 (Tex. Crim. App. 1981).

 The complained-of references made no express mention of anti-abortion protests,
no date was attributed to the Wichita, Kansas, incidents, and appellant's counsel was the first to
return to the subject matter at the penalty stage of the trial. Given the circumstances, the failure
to object waived any error. An instruction to disregard would have cured the error, if any. 
Joyner v. State, 436 S.W.2d 141, 144 (Tex. Crim. App. 1969), relied upon by appellant, is
clearly distinguishable on its facts. Both appellant and the State rely upon Almanza v. State, 686
S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g), as to a discussion of fundamental error. 
Almanza relates to charge error, not error in jury argument. The reliance by both parties is
misplaced.

 We have concluded that any error was waived. If it can be assumed otherwise, the
question of whether an error in jury argument is harmless is to be determined by Rule 81(b)(2)
of the Texas Rules of Appellate Procedure. See Tex. R. App. P. 81(b)(2). The proper standard
of review is whether there is a reasonable possibility that the error might have contributed to a
defendant's conviction or punishment in light of the entire record from the trial court. Madden
v. State, 799 S.W.2d 683, 700 (Tex. Crim. App. 1990), cert. denied, 111 S. Ct. 1432 (1991);
Orona v. State, 791 S.W.2d 125, 130 (Tex. Crim. App. 1990); Harris v. State, 790 S.W.2d 568,
586 (Tex. Crim. App. 1989). In their review, appellate courts are not governed by the existence
of overwhelming guilt but must calculate as much as possible the probable impact of the error on
the jury, examine the source and nature of the error, the emphasis placed by the State, and its
probable collateral implications, including whether declaring the error harmless would encourage
the State to repeat it with impunity. See Hough v. State, 828 S.W.2d 97, 100 (Tex.
App.--Beaumont 1992, pet. ref'd). If it can be said that there was error in appellant's argument,
we find beyond a reasonable doubt that it was harmless and did not contribute to appellant's
conviction and punishment. The first point of error is overruled.

 In his second point of error, appellant contends that the trial court erred in
overruling his objection to the prosecutor's argument that appellant, in electing not to apply for
probation, had placed the jury "between a rock and a hard place."

 At the penalty stage of the trial, the prosecutor stated:



On the Jury Charge there is a paragraph here that I want you to pay special
attention to: "In this case the Defendant has not filed his sworn motion for
probation herein, therefore, no probation is to be considered by you for this
offense." And on the stand he acknowledged that that [sic] was a deliberate
decision that he made. So before I sit down I'm going to call a spade a spade. 
You're being stuck between a rock and a hard place.



 Appellant objected: "I don't think it's appropriate for him to argue that by
choosing not to file an application for probation that he's put the jury in a bad spot. That's
prejudicial argument." The general objection was overruled.

 The prosecutor then, without further objection, explained what he meant. Later,
the prosecutor more concisely stated:



And I talked about the rock and the hard spot. Well, the rock is he does good
deeds. (2) The hard spot is you've got to punish him or else everybody else is going
to know that they can come right here to San Marcos, Texas, to your police station
and violate the laws of the State of Texas.



 Normally, proper jury argument must fall within the accepted areas of (1)
summation of the evidence, (2) reasonable deductions from the evidence, (3) answer or response
to argument of opposing counsel, and (4) a plea for law enforcement. Alejandro v. State, 493
S.W.2d 230-32 (Tex. Crim. App. 1992); see also Kinnamon v. State, 791 S.W.2d 84, 89 (Tex.
Crim. App. 1990); Borjan v. State, 787 S.W.2d 53, 55 (Tex. Crim. App. 1990); Gaddis v. State,
753 S.W.2d 396, 398 (Tex. Crim. App. 1988). 

 The record reflects that seven or nine other individuals were arrested at or near the
same time as appellant. On direct examination at the penalty stage of the trial, appellant testified
that the others had plea bargained with the prosecution and had received "slight probation" and
community service. On cross-examination, however, he stated that he had intentionally not filed
an application for probation. When asked if the only two alternatives were a jail term and fine,
appellant stated he thought the jury could give him "zero punishment -- or zero payment" under
the court's charge.

 The prosecutor had a right to summarize the evidence and to make reasonable
deductions therefrom. In doing so, he referred to part of the court's charge submitted without
objection. The prosecutor explained the meaning of the terminology to the jury and made a plea
for law enforcement. The argument was not error, even if it can be said that appellant preserved
error for review by his general objection. The second point of error is overruled.

 In his so-called "Anders issues," appellant questions the State's police power to
regulate marihuana possession under the criminal laws of the State. Appellant recognizes that the
holding of Gaffney v. State, 575 S.W.2d 537, 541 (Tex. Crim. App. 1979), is contrary to his
position and is controlling. We agree. We do not find section 481.121(b)(1) of the Texas Health
& Safety Code to be unconstitutional. Appellant also complains of the trial court's failure to sua
sponte instruct the jury that the statutes under which he was charged exclude from the definition
of marihuana certain materials. See Tex. Health & Safety Code Ann. § 481.002(26)(A)-(E)
(West 1992). It has been held that the certain materials excluded from the definition of marihuana
are in the nature of exceptions and that the burden of going forward with the evidence pertaining
thereto rests upon the person claiming their benefit. Doggett v. State, 530 S.W.2d 552, 555 (Tex.
Crim. App. 1975). The accused had the burden to show any exception he claims. Elkins v. State,
543 S.W.2d 648, 650 (Tex. Crim. App. 1976). Therefore, in the instant case, appellant had the
burden of bringing himself within the statutory exceptions. Marroguin v. State, 746 S.W.2d 747,
749 (Tex. Crim. App. 1988); Nowling v. State, 801 S.W.2d 182, 184 (Tex. App.--Houston [14th
Dist.] 1990, pet. ref'd); see also Tex. Health & Safety Code Ann. § 481.184(a) (West 1992). 
This the appellant did not do. He is not now in a position to complain that the trial court did not
sua sponte charge as to the exceptions when such charge would not have been supported by the
evidence.

 Lastly, appellant notes that the sufficiency of the evidence to sustain the conviction
could be lacking. Appellant observes that while a pretrial stipulation was approved as to the
contraband (State's exhibit No. 1), the lab report (State's exhibit No. 2), and the chain of custody,
the State never formally introduced the stipulation or the two exhibits. Appellant candidly
acknowledges that the marihuana was exhibited before the jury and referred to by the witnesses
as if it had been admitted into evidence. Appellant agrees that under Herberling v. State, 834
S.W.2d 350, 356 n.6 (Tex. Crim. App. 1992), it was not fatal, given the circumstances, that the
marihuana was not formally introduced into evidence. Appellant readily agrees that he made a
judicial confession and that constituted direct evidence. Moreover, experienced Police Officers
Misiaszek and Deal testified that the substance appellant possessed was marihuana and that it was
a usable quantity of two ounces or less. This was admissible evidence by qualified witnesses
supportive of the jury's verdict. See Ward v. State, 659 S.W.2d 643, 645 (Tex. Crim. App.
1983); Houlihan v. State, 551 S.W.2d 719, 724 (Tex. Crim. App.), cert. denied, 434 U.S. 955
(1977); Boothe v. State, 474 S.W.2d 219, 221 (Tex. Crim. App. 1971); Campos v. State, 716
S.W.2d 584, 588 (Tex. App.--Corpus Christi 1986, no pet.)

 Viewing the evidence in the light most favorable to the jury's verdict, we conclude
that any rational trier of fact could have found beyond a reasonable doubt all the essential elements
of the offense charged. See Jackson v. Virginia, 443 U.S. 307, 319 n.12 (1979); Valdez v. State,
776 S.W.2d 162, 165 (Tex. Crim. App. 1989), cert. denied, 495 U.S. 963 (1990). Appellant's
mislabeled "Anders issues" are without merit and are overruled.

 The judgment of conviction is affirmed.



 

 John F. Onion, Jr., Justice

[Before Justices Powers, Jones and Onion*]

Affirmed

Filed: March 31, 1993

[Do Not Publish]





* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1.   Appellant's appointed counsel separately raises three so-called "Anders issues." Counsel
has vigorously briefed the two points of error on appeal. Counsel does not assert that appellant's
appeal is wholly frivolous and without merit. Counsel has not asked to withdraw. This is not
then an "Anders-Gainous" situation. See Anders v. California, 386 U.S. 738, 744 (1967);
Gainous v. State, 436 S.W.2d 137-38 (Tex. Crim. App. 1969); Villa v. State, 821 S.W.2d 402-03
(Tex. App.--Corpus Christi 1991, no pet.). We shall also consider the three issues raised by
counsel and found by him not to be supported by legal authority. These issues concern (1) the
constitutionality of § 481.121 of the Texas Health & Safety Code, (2) the failure of the court to
instruct the jury as to certain matters that are to be excluded from the definition or term
"marihuana," and (3) the sufficiency of the evidence to sustain the conviction.
2.   The County Judge, District Attorney, a constable and other witnesses testified at the
penalty stage of the trial that appellant had been involved in the work of the Food Bank, Aid
to Needy People, and other community projects.