NO.
12-06-00057-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

OLIVER DEMARIO RUNNELS,   §                      APPEAL
FROM THE 241ST

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Appellant
Oliver Runnels pleaded not guilty to aggravated robbery, and the case was tried
to a jury.  The evidence showed that
Appellant had been a passenger in a car and that another passenger had
committed a robbery armed with a pellet gun. 
The jury convicted Appellant and assessed punishment at twenty–five years
of imprisonment.  Appellant raises five
issues on appeal.  The State did not file
a brief.  We affirm.

 

Jury
Argument

            In
his first issue, Appellant argues that we must remand this case for an
acquittal because of argument made by the assistant district attorney.  The assistant district attorney said to the
jury, “You either find him guilty of what he’s guilty of, or he walks out that
door.  He’s not charged with
robbery.  He won’t be charged with
robbery.  He can’t be charged with
robbery.  That’s not what he’s guilty of.”  Appellant contends that the State is bound by
these statements and therefore his conviction cannot stand.  However, even if we accepted Appellant’s
argument that the State is bound by a statement made in summation, that
principle does not provide relief in this instance.  








            Appellant
correctly points out that to be guilty of aggravated robbery, one must first be
guilty of robbery.  Tex. Penal Code Ann. §§ 29.02,
29.03 (Vernon 2006).  The element distinguishing
aggravated robbery, as charged here, from robbery is the use or exhibition of a
deadly weapon.  Id.  The State’s second sentence, “He’s not
charged with robbery,” is accurate. 
Appellant was not charged with robbery, and neither party asked for the
jury to be instructed that they could find him guilty of robbery as a lesser
included offense.          

            The
third and fourth sentences—“He won’t be charged with robbery.  He can’t be charged with robbery.”—are not
concessions that Appellant is not guilty of robbery.  Appellant will not and could not be charged
with and convicted of robbery after this trial because robbery is a lesser
included offense, and this trial acted as a jeopardy bar.  See Brown v. Ohio, 432 U.S.
161, 168–69, 97 S. Ct. 2221, 2226-27, 53 L. Ed. 2d 187 (1977) (double jeopardy
bar violated if there is conviction and punishment for both greater and lesser
included offenses); see also Missouri v. Hunter, 459 U.S. 359,
367–68, 103 S. Ct. 673, 679, 74 L. Ed. 2d 535 (1983) (cumulative punishment
permissible only if legislature specifically authorizes it); Ex parte
Goodman, 152 S.W.3d 67, 71 (Tex. Crim. App. 2004) (Double Jeopardy
Clause prohibits state from prosecuting defendant for lesser offense included
within the offense alleged in first indictment, since, for purposes of Clause,
greater offense and lesser included offense are same offense).  To the extent that the State was suggesting
that some other principle prevented Appellant from being charged with robbery,
the argument is disingenuous, but not a concession that he is not guilty of
robbery.

            Finally,
the assistant district attorney said, “That’s not what he’s guilty of,” meaning
robbery.  This is different from saying
that Appellant was not guilty of robbery. 
If a person commits aggravated robbery, it is true that he also commits
robbery.  But the State was arguing that,
as between the two, Appellant was not guilty of robbery but of aggravated
robbery.

            We
see nothing in the assistant district attorney’s comments that amounts to a
concession that Appellant was not guilty of robbery and therefore not guilty of
aggravated robbery.  Consequently, we
need not decide whether a party can be bound by something its attorney says in
summation.  Cf. Hutch v. State,
922 S.W.2d 166, 173 (Tex. Crim. App. 1996) (Arguments by lawyers are not
evidence.); Clayton v. Wisener, 169 S.W.3d 682, 684 (Tex. App.–Tyler
2005, no pet.); and Bryant v. State, 187 S.W.3d 397, 400 (Tex.
Crim. App. 2005) (A stipulation is a judicial admission establishing a
fact.).  We overrule Appellant’s first
issue.

Pointing a
Gun

            In
his second, third, and fourth issues, Appellant argues that the assistant
district attorney pointed a gun at him during closing argument and that this
requires a new trial.  A prosecutor
should not point a gun at a defendant.  See
Joyner v. State, 436 S.W.2d 141, 142, 144 (Tex. Crim. App. 1968)
(op. on reh’g).  Nevertheless, as in Joyner,[1]
a contemporaneous objection is required as a prerequisite to raising a
complaint on appeal.  See id.;
Tex. R. App. P. 33.1; see also
Threadgill v. State, 146 S.W.3d 654, 667 (Tex. Crim. App.
2004).  Counsel did not object to the
purported pointing of a firearm, and therefore this complaint is waived.  We overrule Appellant’s second, third, and
fourth issues.

 

Sufficiency
of the Evidence

            In
his fifth and sixth issues, Appellant argues that the evidence was insufficient
to support his conviction.

Standards of Review

            The
due process guarantee of the Fourteenth Amendment requires that a conviction be
supported by legally sufficient evidence. 
See Jackson v. Virginia, 443 U.S. 307, 315–16, 99
S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979); Ross v. State, 133
S.W.3d 618, 620 (Tex. Crim. App. 2004); Willis v. State, 192
S.W.3d 585, 592 (Tex. App.–Tyler 2006, pet. ref’d).  Evidence is not legally sufficient if, when
viewing the evidence in a light most favorable to the verdict, we conclude that
no rational trier of fact could have found the essential elements of the
offense beyond a reasonable doubt.  See
Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; see also Johnson
v. State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993).

            While
legal sufficiency review is all that is required by the U.S. Constitution, the
Texas Court of Criminal Appeals has determined that the Texas Constitution
requires review of the factual sufficiency of the evidence.  Clewis v. State, 922 S.W.2d
126, 129–30 (Tex. Crim. App. 1996).  We
review the factual sufficiency of the evidence without the light most favorable
to the verdict, and we determine whether, considering all the evidence in a
neutral light, the great weight and preponderance of the evidence contradicts
the jury’s verdict to the extent that the verdict is clearly wrong and
manifestly unjust.  See Watson v.
State, 204 S.W.3d 404, 414–15, 417 (Tex. Crim. App. 2006).  In doing so, we must first assume that the
evidence is legally sufficient under the Jackson standard.  See Clewis, 922
S.W.2d at 134.  We then consider all of
the evidence that tends to prove the existence of the elemental fact in dispute
and compare it to the evidence that tends to disprove that fact.  See Santellan v. State,
939 S.W.2d 155, 164 (Tex. Crim. App. 1997).

            Under
either standard, our role is that of appellate review, and the fact finder is
the judge of the weight and credibility of a witness’s testimony.  Wesbrook v. State, 29 S.W.3d 103, 111–12
(Tex. Crim. App. 2000).  The fact finder
may choose to believe all, some, or none of a witness’s testimony.  Sharp v. State, 707 S.W.2d 611,
614 (Tex. Crim. App. 1986).  With respect
to our factual sufficiency review, we are authorized to disagree with the jury’s
determination, even if probative evidence exists that supports the verdict, see
Clewis, 922 S.W.2d at 133, but our evaluation should not
substantially intrude upon the jury’s role as the sole judge of the weight and
credibility of witness testimony.  Santellan,
939 S.W.2d at 164.  Where there is
conflicting evidence, the jury’s verdict on such matters is generally regarded
as conclusive.  See Van Zandt v.
State, 932 S.W.2d 88, 96 (Tex. App.– El Paso 1996, pet. ref’d).

            The
sufficiency of the evidence is measured against the offense as defined by a
hypothetically correct jury charge.  See
Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).  A hypothetically correct jury charge “accurately
sets out the law, is authorized by the indictment, does not unnecessarily
increase the State’s burden of proof or unnecessarily restrict the State’s
theories of liability, and adequately describes the particular offense for
which the defendant is tried.”  Id.

            As
alleged in the indictment, the State was required to prove that Appellant, in
the course of committing a theft, and with intent to obtain property,
intentionally or knowingly threatened or placed another in fear of imminent
bodily injury or death and in doing so used or exhibited a deadly weapon.  See Tex.
Penal Code Ann. § 29.03(a)(3) (Vernon 2006).  Under our law, Appellant is criminally
responsible for the offense of aggravated robbery if he committed the robbery
himself or, if acting with the intent to promote or assist the commission of
the offense, he solicited, encouraged, or directed another person to commit the
offense, or aided or attempted to aid another person in the commission of the
offense.  See Tex. Penal Code Ann. § 7.02 (Vernon
2006).

Analysis

            Henry
Maddox was the armed robber.  He went
into a Food Fast gas station with a gun–a pellet gun–and demanded money.  The clerk gave him money and cigarettes.  Maddox left and got into a white Lincoln
automobile.  Appellant was also a passenger
in the white Lincoln, and a City of Tyler police officer pulled them over about
two minutes after the robbery.  The
officer saw money under one of the seats and a pack of cigarettes in the
passenger seat.  Another officer
recovered a pellet gun from the immediate vicinity of the car.  There were four young men in the car, and
they were taken back to the gas station. 
The gas station employee was able to identify Henry Maddox as the
robber.

            Henry
Maddox testified at Appellant’s trial. 
He testified that he committed the robbery and that he was in the car
with three other men, including Appellant. 
He testified that Appellant and another individual encouraged him to rob
stores.  He testified that Appellant told
him four times to go in and rob a gas station. 
Just before the instant robbery, Maddox went into a different Food Fast
gas station to rob it.  Before he went
in, Appellant wrote out a note for him to hand to the employee.  Maddox testified that Appellant explained
that if he used the note, it would not cause a scene.  While ambiguously worded,[2] the note is
plainly notice of a robbery, and Maddox later testified that it was intended
for that purpose.  Maddox entered the
store to rob the clerk, but the clerk ran to the back of the store, and Maddox
ran out the front.  Maddox testified that
Appellant and the other individual were upset with him because he did not
complete the robbery. 

            Maddox
testified that he had not wanted to commit a robbery, but that Appellant had
encouraged him, telling him, “You can do it. 
We’ve done it before. Just go do it.” 
Maddox did it.  After the robbery,
he gave Appellant a pack of cigarettes, and Maddox testified that he tossed the
gun he used in the robbery out of the window just as they were being pulled
over.

            Appellant
argues, based on Wooden v. State, 101 S.W.3d 542 (Tex. App. 2003,
pet. ref’d), that he is entitled to an acquittal because there is no evidence
that he acted to promote or assist the robbery by Maddox.  Wooden is distinguishable.   In Wooden, the defendant was
acquitted on appeal because the court found that there was no evidence that he
promoted or assisted in a coactor’s threats to another person while armed with
a gun.  Id. at 547–48.  At most, Wooden was responsible for an
attempted theft and not aggravated robbery. 
Id. at 549.  In this
case, Appellant knew Maddox had a gun. 
Appellant concedes as much.[3] 
It is clear from the evidence, and from the note Appellant wrote,
complete with a drawing of a firing pistol, that it was an aggravated robbery
that he was encouraging Maddox to commit. 
After Maddox went into the first Food Fast with a disguise, a gun, and
the note, and then ran out without committing a robbery, Appellant was upset
with him.  Maddox was then driven to
another Food Fast where he committed this robbery.  A rational juror  could conclude that Appellant encouraged,
aided, or attempted to aid Henry Maddox in the commission of the aggravated
robbery.  Therefore, the evidence is
legally sufficient to sustain the verdict. 


            Even
without the light most favorable to the verdict, the evidence supporting the
verdict is not so obviously weak as to undermine our confidence in the jury’s
determination, nor is the proof of guilt greatly outweighed by contrary
proof.  Maddox committed an aggravated robbery.  According to the evidence, Appellant
encouraged him to commit the robbery, gave him a note to use in another
robbery, and shared the proceeds of the robbery.  A person is responsible for the actions of
the other as a party in a broad range of situations.  Specifically, a person is responsible if he
aids, attempts to aid, or encourages the other with the intent to assist that
person or to promote the offense.  Tex. Penal Code Ann. § 7.02.  Appellant’s persistent encouragement of
Maddox to commit the robbery combined with traveling with him to robbery sites,
giving him a written note to assist in another robbery, pushing him to commit a
robbery when he backed out, and sharing of the proceeds of the robbery are
sufficient, when taken together, for the jury to conclude that he should be
held responsible for the robbery.  We
overrule Appellant’s fifth and sixth issues.

 

Disposition

            We
affirm the judgment of the trial court.

 

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

Opinion
delivered June 29, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1] On rehearing the Court held that a new trial
was necessary on the grounds that the prosecutor had appealed to racial prejudice
in his closing argument and also because when the prosecutor pointed the gun at
the defendant, he implied, without basis, that the defendant had four prior
convictions.  Joyner, 436
S.W.2d at 144.





[2] The note read: “Same thang Bitch toss the
bread Don’t Panic get got.”  The note
also contains a drawing of a gun with something coming out of the barrel and
seven dollar signs.





[3] Appellant states in his brief that “[a]t most,
the evidence shows Mr. Runnels knew Mr. Maddox had a gun.”