**Clint PAYTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47288.**

Court of Criminal Appeals of Texas.

Jan. 23, 1974.

Kenneth L. Sanders, Craig A. Washington, Sr., Houston, of counsel, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Jack Bodiford, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is murder; the punishment, fifty (50) years.

Appellant's brief filed in the trial court contends that the court erred in refusing to grant the motion for continuance based on the grounds that one of appellant's retained attorneys was out of the state. The docket sheet shows that the indictment was filed on September 29, 1970, and the case was passed several times upon request of appellant's attorney until appellant was arraigned with the Honorable Howard Lake appearing as his attorney. Up until August 5, 1971, the attorney of record for appellant was Howard Lake. On that day, after the case had been set for five months for August 9, the Honorable Clyde Gordon filed a motion for continuance stating that he and the Honorable Craig Washington had been employed by appellant to represent him and praying for a continuance since Mr. Washington was to be out of town. The motion for continuance was overruled and appellant went to trial with Clyde Gordon representing him.

The court did not err in denying the last motion for continuance. In Bradley v. State, 450 S.W.2d 847, both Attorney Wilson and Attorney Creighton were counsel of appellant's choice. Attorney Creighton was not able to attend trial because of other demands on his time. We held that the court did not err in denying a continuance because of Attorney Creighton's absence. See also McKnight v. State, 432 S.W.2d 69, and 12 Tex.Jur.2d Continuance, Sec. 27, p. 579.

No abuse of discretion has been shown.

By supplemental brief filed for the first time in this Court, appellant seeks to raise several grounds of error. We will briefly discuss those contentions which counsel has labeled "constitutional". He asserts that certain arguments deprived him of the constitutional right to be confronted with the witness against him. We find that no objection was made to the questioned argument and further that the same did not constitute error if there had been an objection. See Lott v. State, 164 Tex.Cr.R. 395, 299 S.W.2d 145.

He further asserts that counsel at trial was ineffective because of his failure to object to the court's charge which omitted the charge on the law of self-defense. We have examined the charge and find that it contains a full submission of this issue.

Finding no reversible error, the judgment is affirmed.