**Terry Dewayne DANIELS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–94–00943–CR.

Court of Appeals of Texas, Houston (1st Dist.).

March 28, 1996.

---

David Cunningham, Houston, for Appellant.

John B. Holmes, Kimberly Aperauch Stelter, Houston, for Appellee.

## OPINION

WILSON, Justice.

After refusing the assistance of appointed lead counsel, appellant, Terry Dewayne Daniels, proceeding *pro se,* pleaded not guilty to the offense of capital murder.[1] The jury found him guilty and assessed his punishment at life in prison. In this appeal, we are asked to decide if appellant was denied due process of law when his motion for continuance was denied by the trial court. We hold he was not, and we affirm.

### Background

Appellant and a codefendant robbed and murdered Beth Copenhanger after illegally entering her residence as she was hosting a party. Appellant held the guests at knifepoint while his codefendant ransacked the home. In the course of the robbery, appellant's codefendant shot and killed Ms. Copenhanger. After the shooting occurred and the codefendant was threatening to kill another person present, the guests attacked and overpowered the two men. Appellant escaped on foot, but was later found by the police hiding in the closet of an acquaintance's apartment. He was arrested and charged with the crime of capital murder.

### Procedural History

When appellant was indicted in January 1993, the State announced it would ask for the death penalty. Appellant pleaded indigency and asked for appointed counsel. The trial court found appellant indigent and signed an order appointing Layton Duer as counsel. The record shows the trial court also appointed Ricardo Rodriguez co-counsel because the State was seeking the death penalty, but an order appointing Rodriguez was never signed or made part of the record.

---

1. Tex.Penal Code Ann. § 19.03(a)(2) (Vernon 1994).

Duer filed several motions and made appearances on appellant's behalf. Rodriguez also filed several motions and consulted with appellant in preparing the defense. Ultimately, the State did not seek the death penalty, but did not announce this decision until the eve of trial.

On August 5, 1994, appellant filed a motion for continuance because Rodriguez was serving as counsel in another trial on the day appellant's case was scheduled to be tried. Duer informed the court he was not ready to proceed without Rodriguez. At the hearing on this motion, the State informed the trial court it did not intend to seek the death penalty. Based on this, the trial court denied the motion for continuance, noting co-counsel would never have been appointed had the State elected at the beginning not to seek the death penalty. The trial court specifically noted its ruling did not remove Rodriguez from the case but was only a refusal to delay appellant's trial so Rodriguez could participate as co-counsel.

On August 8, 1994, appellant filed a motion seeking to remove Duer as his appointed counsel. The court denied this motion. On the day of trial, Duer filed a second motion for continuance and sought an *ex parte* conference with the court to submit a motion to withdraw as counsel for appellant. He based his motion on his belief appellant intended to perjure himself. He was also concerned about a potential conflict of interest because appellant had filed a grievance against him with the State Bar and also claimed to have filed a section 1983 [2] civil suit against him. The trial court denied Duer's motion to withdraw. The court also denied the motion for continuance, noting the age of the case and the presence of a large jury panel awaiting voir dire.

### Denial of the Motion for Continuance

■ In points of error three and four, appellant argues the trial court violated his federal and state constitutional rights by tacitly removing Rodriguez from his defense. He contends the denial of his motion for continuance was a *de facto* removal of counsel, compelling him to go to trial without

Rodriguez. The Sixth and Fourteenth Amendments to the United States Constitution guarantee that a person brought to trial in any state or federal court must be afforded the right to assistance of counsel before he can validly be convicted and punished by imprisonment. *Blankenship v. State,* 673 S.W.2d 578, 582 (Tex.Crim.App.1984).

■ When the court determines a defendant charged with a felony is indigent, the court shall appoint one or more practicing attorneys to represent him. Tex.Code Crim. P.Ann. art. 26.04(a) (Vernon 1989). Although an indigent defendant does not have a right to the counsel of his own choosing, once counsel is appointed, a trial judge is obliged to respect the attorney-client relationship created through appointment. *Buntion v. Harmon,* 827 S.W.2d 945, 948 (Tex.Crim. App.1992, orig. proceeding). Although there is no appointment form in the record for co-counsel Rodriguez, the trial court stated on the record he had appointed Rodriguez. Had Rodriguez been available to participate in the trial, he would have been permitted to do so by the trial court.

■ As a threshold issue, we note the standard of review for granting any one of the motions that was before the trial court is abuse of discretion. *See, e.g., Maddox v. State,* 613 S.W.2d 275, 285 (Tex.Crim.App. 1980). A matter of continuance is traditionally within the discretion of the trial judge. *Rosales v. State,* 841 S.W.2d 368, 374 (Tex. Crim.App.1992); *Ex parte Windham,* 634 S.W.2d 718, 720 (Tex.Crim.App.1982).

■ The State relies principally on *Payton v. State,* 503 S.W.2d 787, 787 (Tex.Crim. App.1974), to support its contention that the denial of appellant's motion was not an abuse of discretion. In *Payton,* the court held it was not an abuse of discretion for the court to deny defendant's motion for continuance on the ground that one of his two retained counsel was unable to appear. There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. *Windham,* 634 S.W.2d at 720. In deciding whether to grant a continuance

---

2. 42 U.S.C.S. § 1983 (Law.Co-op.1994).

because of the absence of defendant's choice of counsel, some of the factors weighed by the trial court include:

> (1) the length of delay requested; (2) whether other continuances were requested and whether they were denied or granted; (3) the length of time in which the accused's counsel had to prepare for trial; (4) whether another competent attorney was prepared to try the case; (5) the balanced convenience or inconvenience to the witnesses, the opposing counsel and the trial court; (6) whether the delay was for legitimate or contrived reasons; (7) whether the case was complex or simple; (8) whether a denial of the motion resulted in some identifiable harm to the defendant; and (9) the quality of the legal representation actually provided.

*Id.*

■ Applying these factors to this case, we observe: (1) appellant was seeking a delay of about six weeks; (2) the first motion for continuance had been filed about one month earlier, and had been denied; (3) Rodriguez had been preparing for trial for over a year; (4) Duer was also familiar with the case, but testified he was not prepared to go to trial without Rodriguez; in addition, Duer had asked to be removed because he believed defendant intended to commit perjury; (5) the State was prepared and ready for trial, the jury panel was ready for voir dire, and two witnesses had been flown in from Iowa and Michigan to testify; (6) the delay was for legitimate reasons—Rodriguez was already in trial in another case, but the trial court expressed its fear of being manipulated by defendants seeking unreasonable delays; (7) the case was serious, but not especially complex, and took two days to try after voir dire was completed; (8) appellant had to choose between being represented by counsel he had sought to remove, or representing himself; and (9) appellant's *pro se* representation was poor.

■ The factors supporting the ruling were principally ones of convenience and economy. Appellant had been under indictment for over 18 months, the State was ready, the jury panel was assembled, and two out-of-state witnesses had come to Houston to testify. Duer was competent, appointed lead counsel who was familiar with appellant's case. The trial court was also wary of being held hostage to the threats of an unhappy defendant who could use the tactic of filing grievances to frustrate court proceedings or force appointment of new counsel. Given these facts, we cannot say the denial of the motion for continuance was so arbitrary as to violate due process. We hold the trial court did not abuse its discretion in denying the motion for continuance. We further hold the denial of the motion was not a *de facto* removal of Rodriguez as co-counsel. We overrule appellant's third and fourth points of error.

### Waiver of Counsel

In points of error one and two, appellant contends the trial court erred in finding appellant waived his right to counsel as guaranteed by the Texas and United States Constitutions.

### 1. Voluntary Waiver

■ After the trial court denied appellant's motion for continuance to allow co-counsel Rodriguez to participate in the trial, appellant informed the court he did not wish to proceed with appointed counsel Duer. The trial court told appellant he had the option to represent himself or to allow Duer to represent him. Appellant responded he wished to represent himself.

Appellant contends the trial court forced appellant to make a "Hobson's Choice", *i.e.,* he had to "choose" between equally unacceptable alternatives. He argues this forced choice made his decision to represent himself involuntary. The right to counsel of one's choice is not absolute and may, under some circumstances, be forced to bow to the general interest in the prompt and efficient administration of justice. *Rosales,* 841 S.W.2d at 374. The unavailability of co-counsel Rodriguez at the time of trial simply put appellant in the same position as other defendants unhappy with their sole appointed attorney. He faced the same choice: to go to trial represented by appointed counsel, or to represent himself.

The Texas Court of Criminal Appeals has held it is not unfair for a trial court to require a defendant to choose between going to trial with appointed counsel or proceeding *pro se*. *Burgess v. State*, 816 S.W.2d 424, 428–29 (Tex.Crim.App.1991). In addition, this Court has held an accused does not have the right to choose appointed counsel, and must accept the counsel appointed by the court unless he waives his right to counsel and chooses to represent himself. *Garner v. State*, 864 S.W.2d 92, 98 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd). Defendant had both the right and the obligation to make a choice. The necessity of the choice did not itself make his decision invalid.

### 2. *Pro Se* Representation

The Sixth Amendment guarantees an accused the right to forego counsel and represent himself; however, this right must be clearly and unequivocally asserted. *Bledsoe v. State*, 754 S.W.2d 331, 333 (Tex.App.—Houston [14th Dist.] 1988, no pet.). The court must honor an accused's decision to waive counsel. *Blankenship*, 673 S.W.2d at 582–583. A defendant must show he has sufficient intelligence and capacity to waive his right to counsel and the ability to appreciate the practical disadvantages he will confront in representing himself. *Valdez v. State*, 826 S.W.2d 778, 781 (Tex.App.—Houston [14th Dist.] 1992, no pet.).

The record must contain proper admonishments concerning *pro se* representation and any necessary inquiries made of the defendant so the trial court could assess the defendant's knowing exercise of the right to defend himself. *Blankenship*, 673 S.W.2d at 583. A trial court is not forced to comply with a formula of questions, but must take an active role in assessing the defendant's waiver of counsel. *Id.* For a waiver to be valid, a defendant must understand the nature of the charges, the statutory offenses included within them, the range of allowable punishments, possible defenses, and all other facts essential to a broad understanding of the whole matter. *Id.* This Court has held the trial court must warn a defendant of the practical consequences of waiving counsel, and must inform the defendant he is bound by the rules of evidence and procedure and will not be given special consideration because of his ignorance of the law. *Privett v. State*, 635 S.W.2d 746, 750 (Tex.App.—Houston [1st Dist.] 1982, pet. ref'd).

The record shows the trial court advised appellant against representing himself, informing him he was taking a great risk by doing so. He was informed he would get no special consideration, was foregoing his right to effective assistance of counsel, and ran the danger of making numerous mistakes. The court warned appellant that inadmissible evidence could be admitted if he did not properly object to its admission. The court probed appellant's understanding of the nature of the charge against him and the range of punishment he faced. In sum, the trial court adequately admonished appellant concerning the dangers of representing himself and made necessary inquiries of the defendant. The trial court concluded the appellant was knowingly and voluntarily deciding to proceed *pro se*.

Appellant admits the trial court effectively questioned him to ensure he was voluntarily requesting the right to represent himself. Appellant chose to represent himself rather than proceed with appointed counsel, but Duer did provide assistance throughout the trial. Appellant validly waived his right to counsel and exercised his right of self-representation after the trial court properly admonished him. We hold appellant's waiver of counsel was knowing and voluntary.

We overrule appellant's first and second points of error.

We affirm the judgment of the trial court.

SCHNEIDER, C.J., and COHEN, HUTSON–DUNN, HEDGES and TAFT, JJ., join the opinion of WILSON, J.

ANDELL, J., dissents, joined by O'CONNOR, J.

Original panel consisted of O'CONNOR, WILSON and ANDELL, JJ.

HEDGES, J., requested a vote to determine if the case should be heard en banc, pursuant to TEX.R.APP.P. 79(d), (e) and TEX.R.APP.P. 90(e).

SCHNEIDER, C.J., and COHEN, HUTSON–DUNN, O'CONNOR, WILSON, HEDGES and TAFT, JJ., voted for en banc consideration.

MIRABAL and ANDELL, JJ., voted against en banc consideration.

MIRABAL, J., did not participate in the en banc opinion.

ANDELL, Justice, dissenting.

I respectfully dissent. Taken individually, the rulings on Duer's motion to withdraw as counsel, Daniels's motion to replace Duer, and Duer's motion for continuance do not necessarily reflect an abuse of discretion. Taken together, however, they do. The presence of additional elements in this case, factors that do not fit neatly within the considerations expressed by the *Windham* court, distinguish this case. Although I am mindful of the trial court's fear of being held hostage to the threats of an unhappy defendant, I also recognize the distinctiveness and singularity of this particular aggregate of factors. Not only was there a motion for continuance before the court because co-counsel could not appear, there was also an effort by lead counsel to withdraw and an effort by appellant to replace lead counsel.

Duer sought to withdraw as counsel based on appellant's alleged intent to offer perjured testimony. Duer also faced a conflict of interest because of the grievance appellant had filed against him. In addition, appellant had informed the trial court he had filed a section 1983[1] civil rights suit against Duer. Appellant faced the unattractive choice of going forward with counsel whom he did not want, and who no longer wanted to represent appellant, or representing himself. Granting the motion for continuance to allow co-counsel Rodriguez to represent appellant would have provided an appropriate solution to this dilemma. Given this, I would have held the denial of the motion for continuance was so arbitrary as to violate due process. I would have sustained appellant's third and fourth points of error and would have reversed the judgment of the trial court.

Accordingly, I dissent.

O'CONNOR, J., joins this dissent.

1. 42 U.S.C.S. § 1983 (Law.Co-op.1994).