NUMBER 13-99-362-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


JOHN ALBERT DEGROOT, Appellant,


v.



THE STATE OF TEXAS, Appellee.

___________________________________________________________________


On appeal from the County Court at Law No. One


of Cameron County, Texas.


___________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Chavez and Rodriguez



Opinion by Justice Chavez



 On February 10, 1999, appellant John Albert DeGroot, a Canadian
graduate student studying in Brownsville, was found guilty of assault
under section 22.01(a)(1) of the Texas Penal Code for his attack on his
live-in girlfriend, also of Canada. Appellant pleaded not guilty, and
waived his right to a trial by jury. The court sentenced him to 12
months in jail, then suspended the sentence and placed him on
community supervision for 18 months. Appellant claims that he was
denied the right to defend himself pro se and seeks to reverse his
conviction and sentence. This court finds no error in the trial court's
proceedings. The trial court's decision is affirmed.

 On the day of the trial, DeGroot expressed dissatisfaction with
Robert Lerma, his court-appointed attorney, and requested another
attorney. This was after an entire year to prepare for trial and several
other appearances in court, including an appearance at which he and
his attorney announced ready just two days before trial. The
prosecution had four witnesses prepared to testify, including DeGroot's
battered girlfriend. The court informed him that he could proceed with
the attorney whom he had, or he could represent himself. DeGroot's
attorney was prepared to proceed with the case. 

 Under the Sixth Amendment, an individual may choose to
represent himself so long as he makes the decision to do so
intelligently, knowingly, and voluntarily. Godinez v. Moran, 509 U.S.
389, 400-401 (1993); Faretta v. California, 422 U.S. 806, 835 (1975);
Oliver v. State, 872 S.W.2d 713, 715 (Tex. Crim. App. 1994). This right
is also protected by statute and by the Texas Constitution. Tex. Code
Crim. Proc. Ann. art. 1.051(f) (Vernon 2000); Tex. Const. Art. 1, §10. 
There are two prerequisites that need to be addressed in order to
determine whether this right has attached. First, this right does not
attach until a defendant clearly and unequivocally asserts it. Faretta,
422 U.S. at 835-36, Scarborough v. State, 777 S.W.2d 83, 92 (Tex.
Crim. App. 1989); Funderburg v. State, 717 S.W.2d 637, 642 (Tex.
Crim. App. 1986). Secondly, the Sixth Amendment right to self-representation may not be exercised simply to delay the orderly
procedure of the courts or to interfere with the fair administration of
justice. Thomas v. State, 550 S.W.2d 64, 68 (Tex. Crim. App. 1977);
Parker v. State, 545 S.W.2d 151, 156 (Tex. Crim. App 1997).

 As a threshold issue, we note that the standard of review is abuse
of discretion for a factual issue such as whether a defendant has elected
to represent himself. See e.g., Daniels v. State, 921 S.W.2d 377 (Tex.
App. Houston [1st Dist.] 1996, pet. ref'd.). Based on the information
before it, the trial court determined that DeGroot had a competent
attorney who was ready to represent him, that DeGroot did not want
to represent himself alone, and that he was attempting to delay the
trial.(1)
 There is more than sufficient information in the reporter's record
to support the trial court's conclusions.

 DeGroot did not clearly and unequivocally assert his right to
defend himself pro se. His one statement, "I think I'll proceed without
an attorney" cannot be taken alone or out of context. The context is
DeGroot's stated dissatisfaction with his attorney, and his attempt to
get a new attorney. This is made clear in the discussion between the
trial judge, the appellant, and the appellant's lawyer. Their discussion
was about whether the appellant had received the assistance of counsel
and the timeliness of the proceedings, not whether the appellant would
proceed pro se. The bulk of this discussion was as follows:

THE COURT: Are you wanting to proceed at this time on your own,
then, without counsel? Those are your options.


THE DEFENDANT: Can I be appointed another attorney?


THE COURT: Not at this late date.


THE DEFENDANT: A public defender?


THE COURT: Mr. Lerma can represent you, or you can represent
yourself. Those are your choices. This case has been
pending since --

MR. LERMA: February of 1998, Judge.


THE COURT: It's been pending for over a year already. You were
arraigned February 11th. We are now February 10th of
1999. You've appeared in court several times. There
was already an announcement of "Ready" in this case
made on your behalf. You were present when that
announcement was made. It is now trial date. We are
not going to give you any more time. If you wish, Mr.
Lerma can continue to represent you. You do not have
to have an attorney to represent you; you can waive
counsel and proceed on your own. Or Mr. Lerma can
go ahead and represent you.


THE DEFENDANT: I believe I need time to prepare a case, Your
Honor.


THE COURT: You can proceed today. You've had a year to prepare
a case. You can proceed today with Mr. Lerma or you
can proceed today on your own. You've had a year to
prepare this case, Mr. DeGroot. I'm not going to let
you use this as a tactic --


THE DEFENDANT: Am I --


THE COURT: -- to buy more time.


THE DEFENDANT: Excuse me, ma'am. I haven't had the opportunity
to prepare this case with a lawyer, is what I
mean.


THE COURT: Your lawyer has been on this case for a --


THE DEFENDANT: It's very fresh in my mind.


THE COURT: -- year. Mr. DeGroot, do you wish to proceed
with Mr. Lerma or do you wish to proceed
without an attorney?


THE DEFENDANT: I think I'll proceed without an attorney.


[The judge started to appoint Mr. Lerma standby counsel to help the
appellant if necessary, but sidetracked into asking Mr. Lerma about his
relations with the appellant. Mr. Lerma presented a detailed
explanation of his prior contacts with the appellant. The dialogue then
shifted to the nature and extent of Mr. Lerma's representation of the
appellant and what may be missing from that representation.] The
proceedings continue:


THE COURT: Mr. DeGroot, this case has been pending for a year. 
You're coming on trial today, now that everybody is
ready, and you're stating now that you're not happy
with Mr. Lerma.


THE DEFENDANT: I have never been happy with Mr. Lerma.


THE COURT: This is the first time that you have expressed that to
me. I was here Monday in court. You did not ask to
address the Court at that time. You did not express
any displeasure with him at that time. As a matter of
fact, I gave you the additional time to come in today so
that we could take care of this and you did not mention
that you were not happy with his services at that time,
nor did you express any desire to have another
attorney to represent you.


[The defendant then gave a long, non-responsive answer.]


THE COURT: Let me ask you this, Mr. DeGroot: Your only complaint
is that you would like additional time to sit and speak
to Mr. Lerma? Is that correct?


THE DEFENDANT: No. My complaint, Your Honor, is that the
case -- although the incident, or incidents
in question are fossilized in my mind, I
haven't had the opportunity to collaborate
with a defense attorney. And that's what I
would like. Now, whether it's court-appointed or whether I hire one, that's what
I need.


[The appellant then proceeded to describe difficulties he had
communicating with Mr. Lerma's office. Mr. Lerma denied having
any problems.]


MR. LERMA: [T]his morning is the first time I've ever heard of
any dissatisfaction from him. Certainly, I would
not want to continue the case where the client is
dissatisfied with me. As the court knows, in
court-appointed cases, the pay we get is very
little regarding the time we put in, and I wouldn't
want to sit around for a year, especially with an
unhappy client, and I would have brought it to
the attention of the Court and he would have
brought it to the attention of the Court long ago. 
He's never told me prior to today -- prior to this
morning -- of any dissatisfaction. He has told me
his version of the facts, and I've heard it at least
five, maybe ten times from him, and it's been the
same, it's been consistent, and I'm prepared to
go to trial today on his version of the facts as
opposed to the State's.


THE COURT: Okay. Mr. Sturgis, are you ready?


MR STURGIS: Yes, Your Honor, we're present and ready.


THE COURT: All right. Mr. DeGroot, you have not expressed a
desire for you to represent yourself; you've
actually said you would rather have a lawyer. I'm
going to leave Mr. Lerma as your attorney. I find
that he has been representing you for a year. 
That is sufficient time for you to have complained.

 You have had hearings on this case, at least
on three different occasions, at which time you
could have -- at some time or other -- expressed
some dissatisfaction. You were here as late as
Monday, which was February 8th. You did not
ask to address the Court at that time. You were
here for a trial setting on that day; you were in
the open courtroom; your attorney announced
ready; you signed a jury waiver that day stating
that you wished to come to the Court to hear this
case. If you had had any dissatisfaction with Mr.
Lerma, that was the time you should have taken
it up.

 The State has brought in their witnesses
from out of town. We gave them a preferential
setting for this morning so that we could finally
dispose of this case because it's already a year
old. I find that Mr. Lerma is your attorney and
that he can represent you fairly and justly and
that you will get fair representation. Just
because you don't like the attorney doesn't mean
that the attorney is not qualified, and does not
mean that you will not get a fair trial.


 The trial judge's finding that the appellant was not attempting to
assert his right to self representation is well substantiated in this
section of the reporter's record. DeGroot clearly and unequivocally
sought a different attorney, but not to represent himself. When first
asked if he wished to proceed alone he twice attempted to be appointed
different counsel. His statement about proceeding alone is not
consistent with his other statements. He later retracts that statement,
stating that what he really wanted is the opportunity to collaborate with
a defense attorney.

 The trial judge's determination that the appellant was trying to
delay the trial is also substantiated in the section of the reporter's record
provided above. Time and delay was apparently very much on the trial
judge's mind. In response to his attempt to persuade the court that he
did not have a case prepared for trial, the court flatly responded that he
could not use his Sixth Amendment right "as a tactic to buy more
time." 

 DeGroot speaks almost as much about a need of time as he does
a desire to have a new attorney, and considerably more about time than
a desire to represent himself. On almost every occasion in the quoted
part of the dialogue alone, the court speaks of the tardiness of his
request or the delay it would create. If the trial were further delayed, it
is unlikely that the prosecution could get all of it's witness together
again, especially if DeGroot's girlfriend returned to Canada.

 DeGroot, of course, had under the Sixth and Fourteenth
Amendments of the U.S. Constitution,(2) and under Texas Law and the
Texas Constitution(3) the right to an attorney to defend him at trial, but
it is well established that like all defendants with court appointed
lawyers, he had no right to choose the attorney whom the court
appoints. Malcom v. State, 628 S.W.2d 790, 791 (Tex. Crim. App.
1982). A request for a new attorney on the day of trial is too late. 
Brown v. State, 464 S.W.2d 134, 135 (Tex. Crim. App. 1971). Thus the
court's ruling that Mr. Lerma, the attorney who had prepared DeGroot's
case and was ready for trial, should remain as counsel is without error.

 The right to self representation at trial may cause some
inconvenience or even disruption in the trial proceedings; so long as it
is not a calculated obstruction, a court cannot deprive the accused of
the right, once asserted. Faretta, 422 U.S. at 834 n. 46, Dunn v. State,
819 S.W.2d 510, 522 (Tex. Crim. App. 1987). In this case, the decision
made by the trial judge that the appellant was not seeking to represent
himself is not an abuse of discretion. DeGroot did not clearly and
unequivocally assert his right to represent himself. The judgment is
affirmed. 

 MELCHOR CHAVEZ

 Justice


Publish.

Tex. R. App P. 47.3.


Opinion delivered and filed this

the 8th day of June, 2000.

 

1. DeGroot did not represent himself in this case, nor was there
any hybrid -- part pro se, part traditional -- representation. The
following statement by the trial judge would have made it hybrid if it
were not clearly retracted by other statements she made after further
discussion with DeGroot about his situation:

 

Okay. Mr. Lerma is simply going to be here, then, of
counsel, because I'm going to hold you to the same
standards I would an attorney, and Mr. Lerma will be here
to help you, if needed. Mr. Lerma's been on this case, for
the record, since February 18, 1998. 


Based on this statement, DeGroot may have believed that he
had the right to speak up and represent himself when he later
sought to cross-examine his girlfriend. But any mistaken belief
on the part of a defendant does not qualify him for a hybrid
representation. There is no right to hybrid representation. 
McKaskle v. Wiggins, 465 U.S. 168, 183 (1984); Webb v. State,
533 S.W.2d 780, 784 (Tex. Crim .App. 1976). It is within a
court's discretion to permit it. McKaskle v. Wiggins 465 U.S.
168 (1984); Webb v. State, at 784, n. 2. The record clearly
states that the trial court did not permit it.

2. See Gideon v. Wainwright, 372 U.S. 335, 339-40 (1963). 
3. Tex. Code Crim. Proc. Ann. arts. 1.051, 26.04(a) (Vernon
2000); Tex. Const. Art. 1, §10; Hernandez v. State, 988 S.W.2d 770,
773 n.7 (Tex. Crim. App. 1999).