Opinion issued May 8, 2003













In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00494-CR




ORLANDO ORTIZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the County Criminal Court at Law No. 12
Harris County, Texas
Trial Court Cause No. 1090832




MEMORANDUM OPINION
           Appellant, Orlando Ortiz, was charged with possession of under two ounces of
marihuana. He entered a plea of nolo contendere, with an agreed sentence of 10 days in jail. 
The trial court granted permission for appellant to appeal the court’s ruling on his motion to
suppress the evidence. We affirm.
BACKGROUND
           Trooper Chavez stopped appellant for the traffic violation of driving his sport utility
vehicle (SUV) on the shoulder of Highway 290. When Trooper Chavez approached the
driver’s door of the SUV and asked appellant why he was driving on the shoulder, appellant
explained that he was having car trouble and was looking for a wrecker. Trooper Chavez
asked appellant if he wanted a wrecker; appellant said that he did; and Trooper Chavez called
a wrecker. As Trooper Chavez and appellant talked, Trooper Chavez smelled marihuana in
the SUV. The wrecker arrived, and appellant exited the SUV and went with Trooper Chavez
to the front of the SUV to raise the hood. At this time, Trooper Chavez realized that
appellant also smelled of marihuana. Trooper Chavez told appellant that Trooper Chavez
had probable cause to believe that there was marihuana in the SUV and that Trooper Chavez
was going to pat down appellant for weapons before searching the SUV. During the pat
down for weapons, Trooper Chavez discovered a small quantity of marihuana wrapped in
clear plastic. Trooper Chavez arrested appellant and then had the wrecker driver take the
SUV to a nearby parking lot, where Trooper Chavez could conduct a more thorough search
of the vehicle. Trooper Chavez also called a canine drug unit to the scene. When the dog
arrived, he “alerted” on the SUV, but did not discover any other drugs. Trooper Chavez’s
offense report did not show that a canine unit had been called. 
           At the beginning of the hearing on the motion to suppress, appellant’s attorney, having
just learned of the canine unit’s participation in the search of the SUV, moved for a
continuance for the purpose of securing the presence of Trooper Smith, who was with the
canine unit. Appellant argued that Trooper Smith’s testimony would impugn the credibility
of Trooper Chavez. The trial court denied the motion for continuance. After the hearing, the
trial court also denied the motion to suppress. 
DISCUSSION
           In his sole issue, appellant challenges the trial court’s denial of appellant’s oral motion
for continuance. A criminal action may be continued on a written motion for continuance
fully setting forth sufficient cause for the continuance. Tex. Code Crim. Proc. Ann. art.
29.03 (Vernon 1989). To preserve error on the denial of a motion for continuance based on
the absence of a witness, a defendant must show how the witness’s testimony would have
been material. Hubbard v. State, 912 S.W.2d 842, 844 (Tex. App.—Houston [14th Dist.]
1995, no pet.). The motion must be sworn to by a person having personal knowledge of the
facts relied on for the continuance. Tex. Code Crim. Proc. Ann. art. 29.08 (Vernon 1989). 
A motion for continuance that is neither in writing nor sworn presents nothing for review. 
Montoya v. State, 810 S.W.2d 160, 176 (Tex. Crim. App. 1989). The granting or denial of
a motion for continuance is within the discretion of the trial court, and we review the trial
court’s ruling on the motion for abuse of discretion. Daniels v. State, 921 S.W.2d 377, 380
(Tex. App.—Houston [1st Dist.] 1996, pet. ref’d). 
           Appellant’s motion for continuance was not in writing and not sworn. In addition,
appellant did not show that Trooper Smith’s testimony was material to the motion to
suppress. Appellant had been arrested before Trooper Smith arrived at the scene, and
appellant was charged with possession of the marihuana found on his person. Therefore, the
fact that the canine team found no marihuana in appellant’s SUV is immaterial. 
           We hold that appellant’s challenge is not preserved and, in the alternative, that the trial
court did not abuse its discretion in denying appellant’s motion for continuance. 
Accordingly, we overrule appellant’s sole issue and affirm the judgment. 
 
 
                                                                  Sam Nuchia
                                                                  Justice

Panel consists of Chief Justice Radack and Justices Nuchia and Hanks.

Do not publish. Tex. R. App. P. 47.4(b).