Opinion issued November 20, 2003








     










In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00485-CR




JEANETTE MARIE GREENE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 184th District Court
Harris County, Texas
Trial Court Cause No. 905,134




O P I N I O N

          A jury convicted appellant, Jeannette Marie Greene, of arson. Appellant
stipulated to two prior felony convictions, and the trial court assessed punishment at
25 years’ confinement. We affirm.
Background
          Darrell Greene was appellant’s former common-law husband, and Kathie
Ritchie was his girlfriend. On October 8, 2001, someone set Ritchie’s car on fire.
The State presented evidence that appellant had been involved in a physical
altercation and had argued with Darrell Greene the day before the arson. The State
also produced telephone messages to Ritchie, on which appellant’s voice was
positively identified, stating, “You know what Bitch, I may kill each one of ya’ll
slowly. You know what, you better go outside. Because you know, right there on the
side right there it’s a Corona bottle filled up with gasoline.” The evidence showed
that the car was burned after having been doused with an accelerant and that a Corona
bottle smelling of gasoline was found nearby.
          The State also produced the eyewitness testimony of Reginald Guy, who told
the arson investigator at the scene of the crime that he had seen a short, dark-complexioned woman leaving the scene of the arson in a silver or grey Taurus with
newspaper over the license plate. Later that day, after having been shown a driver’s
license picture of appellant by police, Guy identified her as the woman whom he had
seen driving away. He also identified her in court.
          There was evidence that, even though appellant did not own a Taurus, she was
driving a rented Taurus of the day on the arson.
Ineffective Assistance of Counsel
          In point of error one, appellant contends that she received ineffective assistance
of counsel at trial. Specifically, appellant contends that her attorney should have filed
a motion to suppress Guy’s in-court identification of her as the person whom he had
seen fleeing the crime scene. She argues that Guy’s identification was tainted by an
impermissibly suggestive pretrial identification, which she alleged occurred when the
police showed Guy appellant’s driver’s license and asked if appellant was the woman
whom Guy had seen fleeing the scene of the arson.
          The legal standard set out in Strickland v. Washington, 466 U.S. 668 104 S. Ct.
2052 (1984), applies to appellant’s claim. To prevail on her claims, appellant must
first show that her counsel’s performance was deficient. Bone v. State, 77 S.W.3d
828, 833 (Tex. Crim. App. 2002). Specifically, appellant must prove, by a
preponderance of the evidence, that her counsel’s representation fell below the
objective standard of professional norms. Id. Second, appellant must show that this
deficient performance prejudiced her defense. Id. Appellate review of defense
counsel’s representation is highly deferential and presumes that counsel’s actions fell
within the wide range of reasonable and professional assistance. Id. Under normal
circumstances, the record on direct appeal will not be sufficient to show that
counsel’s representation was so deficient and so lacking in tactical or strategic
decision-making as to overcome the presumption that counsel’s conduct was
reasonable and professional. Id. Rarely will the trial record contain sufficient
information to permit a reviewing court to fairly evaluate the merits of such a serious
allegation: “[i]n the majority of cases, the record on direct appeal is simply
undeveloped and cannot adequately reflect the failings of trial counsel.” Id., quoting
Thompson v. State, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999).
          We acknowledge that many Texas courts have held that showing a witness a
“photo spread” containing a single photograph is an impermissibly suggestive pretrial
identification procedure,


 and we in no way endorse the use of such a pretrial
identification procedure. However, because there is nothing in the record to show
why counsel chose not to attempt to have Guy’s in-court identification suppressed in
this case, appellant cannot meet the first prong of the Strickland test. See Bone, 77
S.W.3d at 830 (“We are once again asked whether an appellate court may reverse a
conviction on ineffective assistance of counsel grounds when counsel’s actions or
omission may have based upon tactical decisions, but the record contains no specific
explanation for counsel’s decisions. Once again, we answer that question ‘no.’”). 
Because the court [of appeals] itself did not discern any particular
strategy or tactical purpose in counsel’s trial presentation, it therefore
assumed that there was none. This inverts the analysis. Under
Strickland, the defendant must prove, by a preponderance of the
evidence, that there is, in fact, no plausible professional reason for a
specific act or omission. From this trial record, one could conclude that
there were legitimate and professionally sound reasons for counsel’s
conduct or one could speculate that there were not. Under our system
of justice, the criminal defendant is entitled to an opportunity to explain
himself and present evidence on his behalf. His counsel should
ordinarily be accorded an opportunity to explain her actions before
being condemned as unprofessional and incompetent.

Id. at 836. We do not believe that appellant has met her burden of showing that
counsel had no plausible trial strategy in failing to object to Guy’s in-court
identification, and we will not speculate about the lack of trial strategy simply
because we do “not discern any particular strategy or tactical purpose.” Id. 
Therefore, we conclude that appellant has failed to meet the first prong of the
Strickland test.
          Furthermore, we believe that appellant also fails to meet the second prong of
Strickland. Even if appellant had successfully challenged Guy’s in-court
identification, the remaining evidence would have been legally sufficient to tie
appellant to the arson. Evidence that Guy told the arson investigator that he saw a
short, dark-complexioned woman fleeing the scene of the crime in a Taurus with
newspaper on the license plate would have been admissible because it occurred
before the allegedly suggestive pretrial procedure, i.e., before police showed Guy
appellant’s driver’s license. There was other evidence, from which the jury could
have rationally concluded that appellant was, in fact, the unidentified woman whom
Guy had seen. The jury was able to see appellant and to determine whether she was
short and dark-complexioned, as Guy had described the woman to the arson
investigator. The jury also heard appellant’s voice on the audiotaped telephone
messages, in which she had threatened to burn the victim using gas from a Corona
bottle; a Corona bottle smelling of gasoline was recovered from the scene. There was
also Guy’s untainted testimony that he had seen a silver Taurus leaving the scene of
the arson. One of appellant’s own witnesses testified that appellant was driving a
rented Taurus on the day of the arson, although he believed that it was brown or tan.
          Identity of a perpetrator can be proved by direct or circumstantial evidence;
eyewitness identification is not necessary. See Earls v. State, 707 S.W.2d 82, 85
(Tex. Crim. App. 1986). We believe that there is sufficient circumstantial evidence
to identify appellant as the perpetrator in this case. First, there was evidence that
appellant’s voice was identified on the victim’s answering machine, on which she
made very specific threats against the victim. The arson committed was very similar
to the threats made by appellant. Second, there was evidence of the acrimonious
history between the two women. Third, there was evidence that Guy saw a woman
generally matching appellant’s description fleeing the scene of the crime. Fourth,
there was evidence that the woman whom Guy saw was driving a Taurus, as well as
evidence that appellant was driving a rented Taurus on the day of the offense. Thus,
even if Guy’s identification of appellant had been suppressed, the remaining evidence
would have been legally sufficient for the jury rationally to conclude that appellant
committed the arson.
          Because appellant is not able to show to a reasonable probability that, but for
the alleged deficiency, a different verdict would have been reached, she fails to meet
the second prong of the Strickland test. See Herron v. State, 86 S.W. 3d 621, 634
(Tex. Crim. App. 2002).
          Accordingly, we overrule point of error one.
Motion to Substitute Counsel and Motion for Continuance
          1. Relevant Facts 
          Appellant was originally indicted in this case under cause no. 890309 and was
represented by retained counsel, Douglas Haynes, as early as October 10, 2001. The
prior indictment was apparently dismissed, and the case was reindicted under the
present cause number on March 11, 2002. Douglas Haynes continued as retained
counsel under the new indictment, and the case was set for a pretrial conference on
March 28, 2002. 
          On that date, appellant filed a motion to substitute counsel and a motion for
continuance of the trial date, which were set for the following week. Appellant
wanted to have Kenneth David Cager represent her, rather than Douglas Haynes.
          The trial court held a hearing on the motion to substitute, at which Cager
represented to the court that he could not be prepared in time for the trial setting the
following week. Rather than delay the trial setting, the trial court denied the motions
to substitute and for continuance, but stated that she would reconsider the motion to
substitute in the event that the court did not reach the case the following week.
          2. Law and Analysis
          In point of error two, appellant contends that the trial court violated her Sixth
Amendment right to counsel of her choice by denying the motion to substitute
counsel and motion for continuance. See U.S. Const. amend. VI.
          The Texas Rules of Criminal Procedure provide that “[a] criminal action may
be continued on the written motion . . . of the defendant, upon sufficient cause
shown.” Tex. Code Crim. Proc. Ann. art. 29.03 (Vernon 1989). Granting or
denying a motion for continuance is within the discretion of the trial court and will
not be reversed on appeal unless it is shown that the court abused its discretion. 
Janecka v. State, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996).
          “The right to counsel of one’s choice is not absolute, and may under some
circumstances be forced to bow to ‘the general interest in the prompt and efficient
administration of justice.’” Rosales v. State, 841 S.W.2d 368, 374 (Tex. Crim. App.
1992) (quoting Gandy v. Alabama, 569 F.2d 1318, 1323 (5th Cir.1978)). In deciding
whether to grant a continuance because of the absence of the defendant’s choice of
counsel, the trial court should weigh the following factors: (1) the length of delay
requested; (2) whether other continuances were requested and whether they were
denied or granted; (3) the length of time in which the accused’s counsel had to
prepare for trial; (4) whether another competent attorney was prepared to try the case;
(5) the balanced convenience or inconvenience to the witnesses, the opposing
counsel, and the trial court; (6) whether the delay is for legitimate or contrived
reasons; (7) whether the case was complex or simple; (8) whether the denial of the
motion resulted in some identifiable harm to the defendant; and (9) the quality of
legal representation actually provided. Ex parte Windham, 634 S.W.2d 718, 720
(Tex. Crim. App. 1982).
          Considering some of those factors in this case, we observe that: (1) the motion
for continuance did not specify the length of the delay requested, but Cager stated that
he would not be ready to proceed with the trial setting the following week; (2) the
record does not reflect any prior motions for continuance, but does show that there
had been some prior conflicts between appellant and Haynes regarding the filing of
a motion to reduce bond; (3) the record shows that Haynes had represented appellant
from at least October 10, 2001 through March 28, 2002; and (4) despite the apparent
conflicts between appellant and Haynes over the motion to reduce bond, appellant did
not seek to replace Haynes as counsel of record until one week before trial, even
though the case had been pending for over 170 days; (5) Cager, appellant’s proposed
new attorney, was not prepared to try the case; (6) the State was ready for trial, but
the record does not otherwise indicate how the State, the trial court, or the witnesses
would be prejudiced; (7) the trial was a serious matter, but not especially complex;
(8) no particular prejudice to appellant, other than the fact that she never had her
motion to reduce bond addressed before trial, is evident from the record; and (9)
despite appellant’s allegations of ineffective assistance of counsel, which we
addressed earlier, Haynes had adequate time to prepare for trial and presented and
cross-examined witnesses on appellant’s behalf.
          Although some of the Windham factors may favor the granting of the requested
continuance, under an abuse-of-discretion standard, it is not our role to reweigh the
factors, but to determine whether the trial court could reasonably have balanced them
and concluded that the fair and efficient administration of justice weighed more
heavily than appellant’s right to counsel of his choice. See Rosales, 841 S.W.2d at
375 (applying Windham factors and determining that trial court did not abuse
discretion in denying motion for continuance); Daniels v. State, 921 S.W.2d 377, 381
(Tex. App.—Houston [1st Dist.] 1996, pet. ref’d) (same). Under the circumstances
of this case, we hold that the trial court did not abuse its discretion. 
 
 
 
 
 
 
          We overrule point of error two.
          We affirm the judgment.
 
                                                             Sherry Radack
                                                             Chief Justice

Panel consists of Chief Justice Radack and Justices Nuchia and Hanks.

En banc consideration was requested by a justice of the Court. See Tex. R. App. P.
41.2(c).

A majority of the Court voted against en banc consideration.

Justice Jennings, dissenting from the denial of en banc consideration. See Tex. R.
App. P. 47.5.

Publish. Tex. R. App. P. 47.2(b).