

## Fourth Court of Appeals
### San Antonio, Texas

### OPINION

No. 04-23-00539-CR

**IN RE** Martha Fosado **SANCHEZ**, et al.

Original Mandamus Proceeding[1]

**OPINION ON MOTION FOR REHEARING**

Opinion by:    Beth Watkins, Justice

Sitting:       Patricia O. Alvarez, Justice
               Beth Watkins, Justice
               Lori I. Valenzuela, Justice

Delivered and Filed: August 16, 2023

PETITION FOR WRIT OF MANDAMUS DENIED WITHOUT PREJUDICE

This original proceeding arises out of three underlying Operation Lone Star ("OLS") cases. Defendant-relators—noncitizens who have been removed from the country—moved for a continuance of their pre-trial hearings until they are legally able to enter the country. The trial court denied their requested continuances. Relators filed a consolidated petition for writ of mandamus challenging the trial court's rulings. On July 5, 2023, we issued an opinion and order denying relators' mandamus petition without prejudice without providing a substantive explanation. Relators subsequently filed a motion for rehearing. The court, on its own motion, withdraws its July 5, 2023 opinion and order and substitutes this opinion and order in their stead to address the

---

[1] This proceeding arises out of Cause No. 31836, styled *State of Texas v. Martha Fosado Sanchez*, Cause No. 31940, styled *State of Texas v. Adriana Estrada Sanchez*, and Cause No. 31878, styled *State of Texas v. Levi Rubicelda Vasquez-Lopez*, pending in the County Court, Maverick County, Texas, the Honorable Susan D. Reed presiding.

reasoning for our decision. Consistent with our July 5, 2023 opinion and order, we deny mandamus relief.

## BACKGROUND

Relators were arrested under OLS, processed, and released on bond. Following relators' release, they were removed from the country. Although removed from the country, relators were ordered to appear for an in-person pre-trial hearing on May 25, 2023. Relying on the "Tool Kit for Prosecutors" published by the U.S. Department of Homeland Security U.S. Immigration and Customs Enforcement, they requested the State's assistance in returning to the country for their proceedings:

> Defendant petitions Maverick County to submit an application for Law Enforcement Agency Significant Public Benefit Parole (LEA Parole) on Defendant's behalf with the Parole and Law Enforcement Programs Unit (Parole Unit) within U.S. Immigration and Customs Enforcement (ICE) in order to attend [her] in-person jury proceeding. "Once granted by ICE, this type of parole authorizes an alien witness, *defendant*, or cooperating source temporary entry into or to remain in the United States." (emphasis added). U.S. DEPT. OF HOMELAND SEC., PRIVACY IMPACT ASSESSMENT FOR THE ICE PAROLE AND LAW ENFORCEMENT PROGRAMS UNIT CASE MANAGEMENT SYSTEMS, DHS/ICE/PIA-049 (2018) (attached.) "State or local law enforcement agencies email parole applications to their local ICE HSI Parole Coordinator, who works in one of the HSI Special Agent in Charge (SAC) offices located in the field." *Id*. Further information on LEA Parole and its procedures can be found in ICE's Tool Kit for Prosecutors, which has been attached as *Exhibit A*.

(all emphasis in orig.). They also requested a continuance of the in-person hearing until they can legally enter the country. The trial court denied their motions.

On May 23, 2023, relators filed a mandamus petition seeking to compel the trial court to grant relators' "motion to continue and excuse their presence from the in-person pretrial hearing set on May 25, 2023, until Relators are given legal authorization to enter the country." We stayed all settings requiring the in-person attendance of relators and requested responses from the trial court and the real party in interest, the State of Texas. No responses were filed.

## STANDARD OF REVIEW

The principles governing mandamus in criminal cases are set by the Texas Court of Criminal Appeals. *State ex rel. Young v. Sixth Judicial Dist. Ct. App. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). First, a relator "must show that he has no adequate remedy at law to redress his alleged harm." *Id.* Second, a relator "must show that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision." *Id.* "If the relator fails to satisfy either aspect of this two-part test, then relief should be denied." *Id.* "As to the latter requirement," the Texas Court of Criminal Appeals has "said that it is satisfied if the relator can show he has a clear right to the relief sought—that is to say, when the facts and circumstances dictate but one rational decision under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles." *Id.*; *see also In re City of Lubbock*, 666 S.W.3d 546, 554 (Tex. Crim. App. 2023) (orig. proceeding) ("Mandamus relief is available for a novel issue or one of first impression with uncontested facts when the law points to but one clear result.").

## DISCUSSION

The dispositive issue for our review is whether relators have a clear right to a continuance of an in-person pre-trial hearing until they are legally able to enter the country.

### A. Prong One: Adequate Remedy at Law

A trial court's denial of a motion for continuance is reviewable by appeal. *See Renteria v. State*, 206 S.W.3d 689, 699 (Tex. Crim. App. 2006) (reviewing on appeal trial court's denial of motion for continuance); *accord Heiselbetz v. State*, 906 S.W.2d 500, 511 (Tex. Crim. App. 1995); *Alvarado v. State*, 818 S.W.2d 100, 103 (Tex. App.—San Antonio 1991, no pet.). Although relators can appeal the denial of their motions, the existence of a remedy is not satisfactory if it is inadequate. *Young*, 236 S.W.3d at 210. An appeal is inadequate if "it is tedious, burdensome, slow,

inconvenient, inappropriate, and to some degree ineffective in affording the relief sought." *In re Smith*, 665 S.W.3d 449, 454 (Tex. Crim. App. 2022) (orig. proceeding).

Here, delaying relators' ability to challenge the denial of their motions for continuance until they can legally enter the country may prevent us from ever reviewing that ruling. *See, e.g.*, *In re Santiago Villalobos*, No. 04-23-00538-CV, 2023 WL 4750833, at *1 (Tex. App.—San Antonio July 26, 2023, no pet. h.) (Martinez, C.J., concurring) ("What remains after removal is a pending criminal charge in state court but a defendant who is outside of the country and without current federal authorization to return."). There is a real risk that the cases of noncitizens who have been removed from the country will never be tried, diminishing their ability to seek appellate review of rulings like this one. *See, e.g.*, *Griffin v. Illinois*, 351 U.S. 12, 18 (1956) ("Appellate review has now become an integral part of the [] trial system for finally adjudicating the guilt or innocence of a defendant."); *Ex parte Spring*, 586 S.W.2d 482, 485–86 (Tex. Crim. App. 1978) (recognizing right to appeal is statutory, not common law, in Texas); TEX. CODE CRIM. PROC. ANN. art. 44.02 (describing circumstances under which defendant may appeal). Defendants in criminal cases generally must wait until after the trial of their case to seek appellate review of the decision to deny their motions for continuance. *See Harrison v. State*, 187 S.W.3d 429, 430 (Tex. Crim. App. 2005) (reviewing defendant's complaint about denied motion for continuance on appeal after trial, conviction, and sentencing). As Chief Justice Martinez recently pointed out in an opinion concurring in the denial of mandamus relief in a similar case, even "if the trial court were to allow pretrial appearances by videoconference, trials nevertheless appear unlikely in the foreseeable future. The record does not show relators have waived their physical presences at trial, and records from other Operation Lone Star appeals suggest they will not." *In re Santiago Villalobos*, 2023 WL 4750833, at *1 (Martinez, C.J., concurring). If relators are never able to legally enter the country, their cases may never be tried or appealed. *See id*. We therefore conclude that requiring

relators to wait until after trial to challenge the denial of their motions for continuance in these circumstances would be a "tedious, burdensome, slow, inconvenient, inappropriate, and . . . ineffective" method of addressing their complaints. *In re Smith*, 665 S.W.3d at 454. Accordingly, under these facts, we hold relators lack an adequate remedy at law.

### B. Prong Two: Clear Right to Relief Sought

Trial courts have the inherent authority to manage their own dockets. *Marquez v. State*, 921 S.W.2d 217, 223 (Tex. Crim. App. 1996) (citation omitted). Generally, determining "whether to grant a continuance lies [within] the sound discretion of the court." *Collier v. Poe*, 732 S.W.2d 332, 334 (Tex. Crim. App. 1987) (orig. proceeding) (en banc). Although a trial court enjoys broad discretion in managing its docket, it has a ministerial duty to grant a continuance rendered mandatory by statute. *See id.* at 336; *c.f., e.g.*, *Ojeda v. State*, 916 S.W.2d 609, 610 (Tex. App.—San Antonio 1996, pet. ref'd) ("If properly requested, a legislative continuance is mandatory."). A request for a continuance that is not statutorily mandated is "entirely within the sound discretion of the court and will only call for reversal if it is shown that the court clearly abused its discretion." *Alvarado*, 818 S.W.2d at 103.

In the present case, relators raise a constitutional challenge to the denial of their motion for continuance. We review the trial court's decision under a clear abuse of discretion standard. *See id.*; *Young v. State*, 591 S.W.3d 579, 592 (Tex. App.—Austin 2019, pet. ref'd) (first citing *Lopez v. State*, 86 S.W.3d 228, 230 (Tex. Crim. App. 2002), then citing *State v. Mechler*, 153 S.W.3d 435, 439 (Tex. Crim. App. 2005)) ("[A] trial court's ruling will only be deemed an abuse of discretion if it is so clearly wrong as to lie outside 'the zone of reasonable disagreement' or is 'arbitrary or unreasonable.'"); *Daniels v. State*, 921 S.W.2d 377, 380 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd) ("There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process.") (citation omitted); *Janecka v. State*, 937 S.W.2d 456,

467–68 (Tex. Crim. App. 1996) (per curiam) (noting a trial court abuses its discretion if it denies continuance where specific prejudice is shown); *accord Hernandez v. State*, 643 S.W.2d 397, 399–400 (Tex. Crim. App. 1982).

Relators argue they have a constitutional right to be physically present at their pre-trial hearings. Because the State has failed to facilitate their legal entry into the country, relators conclude they are entitled to a continuance of their required in-person attendance at the May 25, 2023 pre-trial hearing until the State "fulfills their duty to bring Relators to trial or in the alternative, to allow them to appear via zoom until they are given legal authorization to enter the country."[2] If relators are correct, the trial court had a ministerial duty to grant relators' motions for continuance. Based on arguments and authority relators presented, however, the trial court and the State are under no such burdens.

A defendant has a due process right "to be present at different stages of prosecution." *King v. State*, 666 S.W.3d 581, 585 (Tex. Crim. App. 2023). Although a defendant has the due process right to be present, the right is not absolute—"there is no due process violation when the defendant's presence does not bear a reasonably substantial relationship to his or her defense." *Id.*; *Adanandus v. State*, 866 S.W.2d 210, 220 (Tex. Crim. App. 1993) (holding no violation of due process where defendant's counsel was present, argued on defendant's behalf, and obtained favorable rulings).

Here, relators do not articulate how or why their presence at the May 25, 2023 pre-trial hearing is substantially tied to their defense so as to render their absence a violation of due process.

---

[2] The record contains motions filed by relators requesting the State file federal parole petitions on their behalf. *See generally* 8 U.S.C. § 1182(d)(5)(A). The record does not, however, contain a ruling from the trial court on relators' motions. Absent a showing that the motions remained pending for an unreasonable time or that the trial court refused to rule—neither of which is apparent from the record—this issue is not ripe for our review. *See Young*, 236 S.W.3d at 210 ("While a trial court has a ministerial duty to rule upon a motion that is properly and timely presented to it for a ruling, in general it has no ministerial duty to rule a certain way on that motion.").

Instead, they argue, "[i]f Relators do not comply with this order [to attend their in-person court settings], their matter will be called, and their bond will be forfeited, a judgment nisi will be ordered, and a capias will be issued." They contend compliance is impossible and their removal from the country is an uncontrollable circumstance requiring a continuance of their in-person attendance at pre-trial settings. An "uncontrollable circumstance" is an affirmative defense in bond forfeiture proceedings. TEX. CODE CRIM. PROC. ANN. art. 22.13(a)(3). But the record does not show that the State has initiated bond forfeiture proceedings in relators' cases. Accordingly, we conclude the uncontrollable circumstance affirmative defense is not applicable here.

Finally, Relators cite several cases challenging a lower court prosecution based on violations of a defendant's Sixth Amendment right to a speedy trial. But that issue is not before us here. The dispositive issue for our review is whether relators have a clear right to a continuance of an in-person pre-trial hearing until they are legally able to enter the country and appear. Under these facts and the authority by which we are bound, we must conclude relators have not shown that they have a clear right to a continuance.

## CONCLUSION

We therefore deny relators' petition for writ of mandamus without prejudice.

Beth Watkins, Justice

PUBLISH